D. M. BUTLER and Morris Turley, Plaintiffs in Error,

v.

BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, V. F. Guthrie and Richard A. Peterson, Defendants in Error.

No. 41303.

Supreme Court of Oklahoma.

April 12, 1966.

Julian B. Fite, A. Carl Robinson, Hardy Summers, Muskogee, for plaintiffs in error.

Paul Ferguson, County Atty., Muskogee County, Muskogee, for defendants in error.

HALLEY, Chief Justice:

Plaintiffs in error are taxpayers and residents of Muskogee County, Oklahoma. Defendants in error are the Board of County Commissioners of Muskogee County, Oklahoma. Parties will be referred to as they

appeared in the trial court. On June 1, 1964, defendants, as the Board of County Commissioners of Muskogee County, by resolution altered and changed the County Commissioner Districts of Muskogee County. Plaintiffs prosecuted an appeal to the district court. The trial court with modifications affirmed the action of the Board of County Commissioners.

Plaintiffs contend that the order of the trial court establishing new commissioners' districts does not comply with § 321, Title 19, O.S.1961, which reads:

"Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two and three, and subject to alteration not more than once in three years; and one commissioner shall be elected from each of said districts by the voters of the district, as heretofore provided."

The record establishes that Muskogee County encompasses an area of 820 square miles. The population according to the 1960 census is 61,043. The County is L shaped. The largest city is Muskogee located in the extreme northern portion of the County.

The plan of redistricting adopted by the Board of County Commissioners was developed by Earnest Wise, Chairman of the Metropolitan Planning Commission, Muskogee, Oklahoma. He testified at the trial that the plan divides the County into three Districts; District one contains 275 square miles, District two 265 miles and District three 280 square miles.

The population of the county is distributed on a basis of 21,382 in District one, 19,257 in District two and 20,406 in District three.

Portions of the City of Muskogee are placed in each of the districts. 5,375 registered voters of the City of Muskogee live in District one, 6,540 in District two, and 5,710 in District three.

One of the County Commissioners testified that before the redistricting plan was

adopted the area of the County was divided on a basis of 295 square miles in District one, 250 square miles in District two, and 265 square miles in District three.

Barton G. Treece, County Surveyor of Muskogee County, who testified as a witness for the plaintiffs that the redistricting order allocates an area of 269¾ square miles to District one, 254½ square miles to District two, and 311¾ square miles to District three. There is evidence to the effect that he may have been in error to the extent of seven or eight square miles in his calculations. Treece testified that the perimeter around District one is 76¼ miles, around District two 115¾ miles and around District three 87¼ miles.

D. M. Butler, one of the plaintiffs complains particularly about the portion of the order of the County Commissioners transferring Precincts 56, 58 and 65 from District two to District one. He testified that the roads in these precincts are in excellent condition with the likelihood of further development by the United States Government while the roads in the area transferred from District one to District two are very poorly maintained.

Plaintiff, Morris Turley complains about the transfer of the Webber Falls area from District two to District one. The area described is located in Precinct 58.

The trial court in approving the redistricting resolutions of the County Commissioners modified it by transferring Precincts 56, 58 and 65 from the newly formed District one back to the old District two.

The effect of the modification was explained by the witness at the hearing on the motion for new trial. Under the provisions of the modified order the area of District one is 209¾ square miles, and District two 305½ square miles, and District three 311¾ square miles. District one contains the Camp Gruber Military Reservation of 54 square miles. The change in population brought about by the modified order was not established. It was shown that there are 167 voters registered in Precinct 56, 65 in Precinct 65 and 333 in Precinct 58.

The Board of County Commissioners accepts the modification made by the court and requests this Court to affirm the order redistricting as modified by the trial court.

 Under the provisions of § 321, Title 19 O.S.1961, in redistricting the commissioner districts of a county, the county commissioners are required to divide the county into "three compact districts, as equal in population as possible." The duties of the board in this regard are judicial in nature. Board of Commissioners of Cherokee County v. Hatfield, 121 Okl. 28, 247 P. 77. A large amount of discretion is reposed in the county commissioners in redistricting the county and their decision should not be disturbed by a reviewing court in the absence of a showing of an abuse of discretion or that the decision is clearly wrong. Wails v. Board of County Commissioners of Okmulgee County, 156 Okl. 165, 9 P.2d 946.

Many of the questions involved in the present appeal were answered by this Court in Wails v. Board of County Commissioners of Okmulgee County, supra. A portion of the opinion reads:

"Undoubtedly large discretion is reposed, and must be reposed, in the board of county commissioners on the question of redistricting the county, and in acting they would naturally, with a view of making the burdens of those required to bear the expense as light as possible, as well as expending the funds to the best advantage, not only of the residents of their county, but for the benefit of their neighbors.

"One of the most necessary things is road building and maintenance, which is necessarily local in nature, though everybody uses the roads and the state is vitally interested. Large cities sometimes grow in counties whose population will frequently far outnumber the remaining parts of the county. Evidently when the statute requires that 'each county shall be divided into three compact districts,' it has reference to the land contained in the county. The presumption from such language is

for equality in area as near as practical, and that each district be 'compact,' which carries with it the idea of being closely united, or as expressed in the Webster's International Dictionary: 'Closely or firmly united or packed, as the particles of solid bodies; firm; solid; dense; as, a compact texture in rocks; also, lying in a narrow compass or arranged so as to economize space; having a small surface or border in proportion to contents or bulk; close; as, a compact estate; a compact order or formation of troops.' "

■ Plaintiffs contend that the newly created districts and particularly District two are not compact. The districts are compact but it must be admitted that District two is most irregular in shape. In order to bring about near equality in population in the three districts it was necessary for the commissioners to attach to District two a long narrow area extending to the north and including a portion of the heavily populated City of Muskogee. In so doing the commissioners brought about an almost equal distribution of population. The commissioners were justified in dividing the city of Muskogee in order to achieve an equal distribution of population. Wails v. Board of County Commissioners of Okmulgee County, supra; State ex rel. Hopkins v. Tindell, 112 Kan. 256, 210 P. 619.

In State ex rel. Hopkins v. Tindell, supra, the Kansas Court said:

"In the petition there is a complaint that the order of the board of June 26 makes what is called a 'goose neck' of a part of Superior township which is added to the rest of the second district. This strip of territory, however, appears to be four miles wide and six miles long. In answer to this objection, it is asserted that the north half of Superior township was joined to the second district in order to make all the districts as nearly equal in population as possible, that the excess of population in the old first district had to be added elsewhere, and that if all of Superior township had been added to either of the other districts there would

have resulted again an excess of population in one district. No doubt it frequently happens that in an attempt to secure compactness of territory and equality of population, a compliance with both requirements renders mathematical exactness impossible. * * * "

At the trial the plaintiff D. M. Butler, living near Warner, and the plaintiff Morris Turley living at Webber Falls particularly complained of the inconvenience caused them by the transfer of precincts 56, 58 and 65 from District Two to District One. Their complaints have been satisfied by the action of the trial court restoring these precincts to the newly created District Two.

■ The maintenance headquarters of County Commissioner's District No. 2 are now located near Porum in the southern part of the district and Muskogee County. Plaintiffs argue that the new district will require the commissioner to transport heavy road machinery from the extreme southern portion of the county to Muskogee in the extreme northern part of the county and increase the cost of maintaining the roads in the district. They also argue that it will be inconvenient for citizens living in the district to confer with the County Commissioner. In substance they contend it will be impossible for the commissioner in the new district to effectively serve the needs of citizens residing in the district. These same arguments were advanced in Wails v. Board of County Commissioners of Okmulgee County, supra.

In that case this court held that personal inconvenience of individual citizens "should not outweigh economy and general welfare." We stated the rule as follows:

"Evidently the commissioners have endeavored to divide the county into three compact districts, and have equalized in area and compact location. They have also evidently followed economic lines. Apparently the 'aggrieved' parties here are complaining, as judged by the examination of witnesses, because they will no longer enjoy the privilege of the road

machinery, repair shops, and a resident county commissioner. We think that the law of average at times is equitable, and that the threatened loss of such a monopoly is scarcely ground of court appeal."

The resolution of the Board of County Commissioners of Muskogee County redistricting the districts of the County Commissioners of Muskogee County, as modified by the order of the trial court substantially complies with the provisions of § 321, Title 19 O.S.1961.

Judgment of the trial court affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.

LAVENDER, J., dissents.