Jerry BAKER and F. L. Parham,
Plaintiffs in Error,

v.

BOARD OF COUNTY COMMISSIONERS OF
STEPHENS COUNTY, Oklahoma,
Defendant in Error.

No. 42665.

Supreme Court of Oklahoma.

· March 26, 1968.

Rehearing ·Denied April 23, 1968.

As Amended April 29, 1968.

DeBois & Peck, Duncan, for plaintiffs in error.

Joseph H. Humphrey, Dist. Atty., District (6), P. C. Largent, Jr., Asst. Dist. Atty., Duncan, for defendant in error.

DAVISON, Justice.

This is an appeal by Jerry Baker and F. L. Parham (herein referred to as plaintiffs) from an order of the lower court approving a Resolution of the Board of County Commissioners changing the dimensions of the existing County Commissioner Districts in Stephens County, Oklahoma. The Board of County Commissioners adopted the Resolution on August 14, 1967, pursuant to authority vested in them by 19 O.S.1961, § 321. Plaintiffs are taxpayers and residents of Stephens County.

Plaintiffs contend the order of the lower court is contrary to law and the evidence because the Resolution did not divide the county into three compact districts, as equal in population as possible.

Title 19 O.S.1961, § 321, provides as follows:

"Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively, one, two and three, and subject to alteration not more than once in three years; and one commissioner shall be elected from each of said districts by the voters of the district, as heretofore provided."

Stephens County is rectangular in form and extends 27 miles north and south by 33 miles east and west, or 891 square miles. Since statehood the County Commissioner Districts had existed in the same form and area, being District No. 1 across the north third of the county, District No. 2 across the middle third of the county, and District No. 3 across the south third of the county, with each District having the same area of 9 miles by 33 miles, or 297 square miles. The City of Duncan (County Seat) is located in the west half of District No. 2. The last official census in 1960 reports Stephens County had a population of 37,990 of which 20,009 persons lived in Duncan. In this situation the Districts were equal in area, but District No. 2 had more than one half of the population in the county and several times the population of either District No. 1 or District No. 3.

On May 4, 1967, the Board of County Commissioners adopted a Resolution re-dividing Stephens County into three districts. The plaintiffs appealed to the District Court of Stephens County. At the conclusion of the trial the court found that the Resolution did not comply with the provisions of § 321 and remanded the matter to the Board with instructions to proceed in accordance with the statute to establish a more equal population in each District.

On August 14, 1967, the Board adopted a further Resolution re-dividing the county. Plaintiffs again appealed, a further hearing was held, and the lower court approved the Resolution. The record reflects that the main dispute between the parties was the division of the heavily populated City of Duncan among the Districts.

District No. 1 (north third of county) retained its original shape and area, except there was added thereto on the south edge, an area in the shape of a "boot," that was about one mile wide and which extended south about two and one half miles to and into the City of Duncan with the "toe" pointed eastward. District No. 3 gained a net 14 square miles by reason of acquisition of 32 sections of land out of the southeasterly corner of District No. 2 and loss of 18 sections of land out of its (No. 3's) northwesterly corner. In addition there was added to District No. 3 on its north edge, an area two miles wide and which extended north and about five and one half miles to and into the City of Duncan in an irregular fashion. District No. 2 occupies the rest of the county, with its two main east and west parts being joined by a strip through the City of Duncan that is located in part between the "boot" area on the north in District No. 1 and the two mile wide area on the south in District No. 3.

We do not find an exact statement in the record as to the area within each District under the court approved division. From our calculations we believe the following areas are approximately correct. District No. 1 has 299 square miles, District No. 2 has 270 square miles, and District No. 3 has 322 square miles.

There had been no accurate official census taken since 1960. Based on the 1960 census showing Stephens County had a population of 37,990 there was testimony that the court approved District No. 1 had a population of 10,834, District

No. 2 had 15,817, and District No. 3 had 11,339.

The Secretary of the County Election Board stated her records showed that in 1967 the registered voters were distributed as follows: District No. 1, 5412; District No. 2, 7423; and District No. 3, 5232.

The record, including the plans of division proposed by plaintiffs reveal that plaintiffs recognize the necessity or feasibility of placing portions of the City of Duncan in each of the Districts in order to make an acceptable re-division of the county. Plaintiffs' plans also propose to reach these portions of the City by strips of land connected with Districts Nos. 1 and 3 but propose to include in such Districts larger areas of the City and some of the adjoining lands in District No. 2. Plaintiffs' complaint is that the Board of County Commissioners did not go far enough to establish three districts as equal in population as possible.

This court has had occasion to consider the force and effect of 19 O.S.1961, § 321, in two cases.

In Wails v. Board of County Com'rs of Okmulgee County, 156 Okl. 165, 9 P.2d 946, the Board of County Commissioners ordered the county re-districted and on appeal the District Court let the order stand. This court affirmed. There District No. 1 had an area of 236 square miles and a population of 8885; District No. 2 (in which the City of Okmulgee was entirely located) had an area of 258 square miles and a population of 26,002; and District No. 3 had an area of 216 square miles and a population of 20,215.

In Butler v. Board of County Com'rs of Muskogee County, Okl., 413 P.2d 552, the Board re-districted the county and placed a portion of the City of Muskogee in each district. The fact that Muskogee County was L shaped and the largest city (Muskogee) was in the extreme northern portion of the county made it necessary to attach one district to such city by a long narrow area. On appeal to the District Court the order was modified only as to area of each district, so that No. 1 had 209¾ square miles, No. 2 had 305½ square miles, and No. 3 had 311¾ square miles. Before the modification the population was 21,382 for No. 1; 19,257 for No. 2; and 20,406 for No. 3; but the change in population by reason of the modification was not established. We affirmed on the basis of the decision and reasoning in the Wails case, supra.

The Wails case discloses a great discrepancy in population and a considerable difference in area between the Districts. The Butler case reflects a considerable difference in area between the Districts and some uncertainty as to the population figure. In each appeal we affirmed the order of the lower court.

In the Butler case this court held that the Board of County Commissioners acts in a quasi judicial capacity when performing the duties of re-dividing the county into three County Commissioners' districts. We further stated that a large amount of discretion is reposed in the county commissioners in re-districting the county and their decision should not be disturbed by a reviewing court in the absence of abuse of discretion or that the decision is clearly wrong. Therein (413 P.2d 554) we quoted from the Wails case as follows:

"'Undoubtedly large discretion is reposed, and must be reposed in the board of county commissioners on the question of redistricting the county, and in acting they would naturally, with a view of making the burdens of those required to bear the expense as light as possible, as well as expending the funds to the best advantage, not only of the residents of their county, but for the benefit of their neighbors.'"

In the present case the lower court refused to approve the first re-districting and remanded the matter with directions to establish a more equal population in each of the districts. The second re-districting resolution was approved by the

lower court. The Board has twice endeavored to make a fair re-districting of the county and the lower court has twice examined the plan and heard objections thereto. It thus appears that the matter has had an extra measure of consideration.

Plaintiffs presented their own plans of re-districting and these were considered by the lower court. Plaintiffs urge their plans would furnish closer equality of population. In State ex rel. Hopkins, Atty. Gen. v. Tindell, 112 Kan. 256, 210 P. 619, 622, the court answered a similar contention as follows:

"The plaintiff has filed with the court a map labeled 'as it might have been,' showing how the county could have been divided into three districts more compactly and with closer equality of population—and leaving the towns of Carbondale and Scranton in one district, Osage City in another, and Lyndon, Quenemo, and some other small cities in a separate district. Doubtless another map could be made showing the possibility of redistricting the county so that each district would contain more nearly an equality of population and compactness of territory than would even result from the plan suggested. The Legislature has placed the discretion in the board of county commissioners and left it with the board to finally determine whether a district is as compact as it could or should have been made."

It is our conclusion that under the circumstances the Resolution of the Board of County Commissioners re-districting Stephens County, and approved by the lower court, substantially complies with 19 O.S.1961, § 321.

The judgment of the lower court is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.