Hardin BALLARD, Plaintiff in Error,

v.

Glen CHRISTIAN, Joe Nemecek, Bruce Swanson, individually, and as County Commissioners of McClain County, Oklahoma, Defendants in Error.

No. 41860.

Supreme Court of Oklahoma.

March 11, 1969.

James H. Ballard, Purcell, for plaintiff in error.

Murray F. Gibbons, County Atty., Purcell, for defendants in error.

BERRY, Vice Chief Justice:

The single issue in this appeal concerns reapportionment of the county commissioners' districts under provision of 19 O.S.1961 § 321.

Many procedural and jurisdictional matters are excluded, and only those facts necessary for presentation of this issue will be set forth.

Petitioner's written demand upon the county commissioners to reapportion their districts was not acted upon. Petition was filed in the district court alleging the commissioners' failure to conform to his request and petitioner's right as a citizen and taxpayer to have the county reapportioned under the laws of this state and the Constitution of the United States. Writ of mandamus was sought to compel the county commissioners to comply with their statutory duty and reapportion the county into three compact districts as equal in population as possible.

The commissioners answered alleging that reapportionment was an executive function vested within their discretion, and was not under control or jurisdiction of the district court. With the issues drawn the cause was heard.

Petitioner's proof established that under the 1960 federal census the population of the three districts of the county was:

District No. 1 2,329
District No. 2 6,709
District No. 3 3,704
Total population of county 12,742

Petitioner also showed more than three years had elapsed since the county had been reapportioned, and the commissioners' refusal to do so after notice and request.

Demurrer to petitioner's evidence was overruled and the commissioners proceeded with their defense. The Secretary of the County Election Board presented evidence to show the number of registered voters by wards in the respective commissioners' districts as of January 1, 1965, was:

| DISTRICT | REGISTERED VOTERS |
|----------|-------------------|
| 1 | 1383 |
| 2 | 3070 |
| 3 | 2572 |

This evidence, introduced over petitioner's objection, will be commented upon later in this opinion.

The essence of two commissioners' testimony disclosed the county had been reapportioned only one time since 1946, and petitioner was the only complainant since 1958. This reapportionment was brought about by application of certain residents seeking 13 miles of roadway removed from one district and added to another. The road mileage maintained by each commissioner in his district was:

| District 1 | 200 miles |
| District 2 | 212 to 220 miles |
| District 3 | 300 miles |

This testimony reflected their opinion that existing districts comprised the most practical arrangement, although there was concern the road mileage could be more equal-

ly reapportioned since the monies from state government to maintain the roads for the county was divided equally among the three districts. The evidence also showed the City of Purcell, with a population of 3,729, is located in District No. 2. One commissioner's opinion was that it would not be feasible to make the city into one district, because road mileage funds could not be expended within the city except on school or mail routes.

■ After consideration of the matter upon briefs, the trial court advised counsel by memorandum the petition for writ of mandamus was denied. In substance, relief was denied because commissioners act pursuant to statutory authority, and as administrative boards comprise part of the executive branch of the government. State, etc. v. Board of Commissioners Creek County, 188 Okl. 184, 107 P.2d 542. The statute, 19 O.S.1961 § 321, providing for division of each county into three districts was construed in Wails v. Board of County Commissioners, Okmulgee County, 156 Okl. 165, 9 P.2d 946. Judicial construction of the statute and longstanding acquiescence therein served to give such construction the effect of legislation. The court further stated:

"Inasmuch as our Supreme Court has construed the Statute in question to give first priority to area and inasmuch as the Commissioners' districts in McClain County, are fairly equal in area, it is the opinion of this court at this time that the Board of County Commissioners of McClain County, Oklahoma, has acted in good faith and for what they thought best for the county, and that this court should not interfere with said Board in the performance of the duties of their office."

After petitioner's motion for new trial was overruled this appeal was perfected.

Petitioner urges two propositions in this appeal. Since the second proposition is dispositive of the cause it is unnecessary to consider the first proposition, except as our holding herein inferentially may affect matters not specifically mentioned.

The second proposition urges petitioner's clear entitlement to the writ under United States Constitution, Art. XIV, and the violation of his constitutional rights by the "invidious malapportionment" prohibited under such constitutional provision.

Commissioners contend petitioner's argument, concerning inequality in population of the three districts, is substantiated only by the 1960 census which is no longer accurate due to a change in circumstances in the third district. They then urge voter registration for 1965, as reflected in evidence, provides a more realistic basis for consideration of the population question, and is of greater probative value than the 1960 federal census.

We recognize voter registration might be circumstantial evidence that would imply a comparison ratio-wise to population. However, no contrast between the 1965 voter registration and that of 1960 was shown relative to alleged population increases in parts of the county. On the other hand, petitioner put into evidence the 1960 census which did reflect the population and there was no attempt by the commissioners to show changes in population from 1960 to 1965, except by general reference to certain changed conditions in District No. 2. In view of the trial court's finding, that equality in area was the primary consideration of the commissioners in redistricting, there is no necessity for further comment. In so doing we are not implying voter registrations above indicate the districts are "as equal in population as possible." We do observe the population according to the 1960 census shows District No. 2 has more than one-half of the population of the county, but only one commissioner, whereas District Nos. 1 and 3 have less than one-half the population but two commissioners.

Commissioners rely upon Wails, supra, and Butler v. Board of County Commissioners of Muskogee County, Okl., 413 P.2d

552, which adopted the reasoning in Wails. Subsequent to the Butler decision this Court decided Baker v. Board of County Commissioners, Stephens County, Okl., 439 P.2d 946, which cites and relies upon both the Wails and Butler cases. We observe, however, in neither case was applicability of the 14th Amendment to the United States Constitution considered. In the present case it is squarely before this Court and requires determination.

■ Petitioner relies upon Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L. Ed.2d 506, contending principles there stated are controlling and dispositive of this appeal. After recognizing that Reynolds involved apportionment of state legislatures, petitioner reasons that "the basic right involved in the case, and the subject of the opinion, is the equality of the vote of every citizen; that is 'without regard to race, sex, economic status, or place of residence within the state.'" The petitioner quotes:

"The conception of political equality from the Declaration of Independence, to Lincoln's Gettysburg Address, to the Fifteenth, Seventeenth, and Nineteenth Amendments can mean only one thing—one person, one vote."

Since Reynolds, supra, the United States Supreme Court has decided Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45, which has applied the principle of the equal protection clause of the Fourteenth Amendment to county redistricting, solely because of population imbalance. Examination of Avery, supra, discloses it to be squarely in point legally and factually with the present case, and must be accepted as dispositive of the issue.

■ The evidence in the present case discloses the commissioners' primary consideration insofar as their separate districts were concerned, was equal division of monies from the state for road maintenance. The trial court, relying upon Wails, supra, indicated his major concern was equality in area of each district in order to provide compactness. However, since the United

States Supreme Court has swept aside the executive function theory in regard to legislative discretion our statute 19 O.S.1961 § 321, appears to have a clearer meaning. That statute states:

"Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two and three, and subject to alteration not more than once in three years; and one commissioner shall be elected from each of said districts by the voters of the district, as heretofore provided." (This section has not been amended since its passage in 1910)

The Avery case, supra, discusses the many duties of the Midland County Commissioners Court. Those duties are parallel to those of the Board of County Commissioners of this State. 19 O.S.1961 § 321 et seq. In Avery it is stated:

"* * * Were the Commissioners Court a special-purpose unit of government assigned the performance of functions affecting definable groups of constituents more than other constituents, we would have to confront the question whether such a body may be apportioned in ways which give greater influence to the citizens most affected by the organization's functions. That question, however, is not presented by this case, for while Midland County authorities may concentrate their attention on rural roads, the relevant fact is that the powers of the Commissioners Court include the authority to make a substantial number of decisions that affect all citizens, whether they reside inside or outside the city limits of Midland. The Commissioners maintain buildings, administer welfare services, and determine school districts both inside and outside the city. The taxes imposed by the court fall equally on all property in the county. Indeed, it may not be mere coincidence that a body apportioned with three of its four voting members chosen by residents of the rural

area surrounding the city devotes most of its attention to the problems of that area, while paying for its expenditures with a tax imposed equally on city residents and those who live outside the city. And we might point out that a decision not to exercise a function within the court's power—a decision, for example, not to build an airport or a library, or not to participate in the federal food stamp program— is just as much a decision affecting all citizens of the county as an affirmative decision.

"The Equal Protection Clause does not, of course, require that the State never distinguish between citizens, but only that the distinctions that are made not be arbitrary or invidious. The conclusion of Reynolds v. Sims was that bases other than population were not acceptable grounds for distinguishing among citizens when determining the size of districts used to elect members of state legislatures. We hold today only that the Constitution permits no substantial variation from equal population in drawing districts for units of local government having general governmental powers over the entire geographic area served by the body."

We consider the reasoning and expressed conclusion decisive here.

Wails, supra, Butler, supra, and Baker, supra, are hereby overruled insofar as they are inconsistent with this opinion.

The trial court erred in denying petitioner's application for writ of mandamus. Judgment reversed and cause remanded for disposition not inconsistent with this opinion.

IRWIN, C. J., and WILLIAMS, JACKSON, LAVENDER and McINERNEY, JJ., concur.

DAVISON, J., concurs in the result.

BLACKBIRD and HODGES, JJ., dissent.