REDISTRICTING — COUNTY COMMISSIONERS — APPEAL A redistricting order issued pursuant to resolution duly adopted by a Board of County Commissioners, which action was not appealed from to the District Court pursuant to 19 O.S. 431 [19-431] (1961), et seq., is a valid and subsisting order, particularly when the order has been approved, confirmed and ratified by the District Court, even though the Court's action is the subject of a Petition in Error to the Oklahoma Supreme Court, but no supersedeas or stay order has been requested, filed or entered in the proceedings. Accordingly, the County Election Board shall accept filings for the office of commissioners for the newly created districts on July 6-8, 1970. The primary and general elections, if the same are required to be held by the filings made, shall likewise be conducted in the newly created districts. The Attorney General has had under consideration your request for an opinion in regard to the status of the commissioners' districts in Craig County, Oklahoma, by reason of the redistricting resolution adopted by the Board of Commissioners of said county on or about March 2, 1970. The matter is presently in litigation. Your several questions are set forth in the letter from the County Election Board to you dated June 3, 1970, reading as follows: "On January 30, 1970, a suit seeking a Writ of Mandamus was filed by the Vinita Jaycees against the Board of County Commissioners of Craig County, Oklahoma. The Board answered the Writ on March 2, 1970. The Jaycees asked for a trial which was held by the District Court of Craig County on April 21, 1970, and judgment rendered in favor of the Board. Appeal from this judgment was lodged in the Supreme Court of Oklahoma on May 19, 1970. No supersedeas bond, or motion to stay, has been filed. "Attached hereto, and made a part of this request, are all of the pertinent pleadings involved in these proceedings. "The practical problem now presents itself as to the duty of the Craig County Election Board in the forthcoming primary and general elections concerning the proper procedure for the County Election Board to pursue in the filing for office, and holding of the election, of County Commissioners in Craig County in view of the existing factual situation. "The Commissioners have redistricted the three County Commissioner districts as of March 2, 1970. "The Query: 1. Should the Craig County Election Board declare the three districts created as of March 2, 1970 (called the New Districts) as the districts in which filing for County Commissioner is to be received on July 6-8, 1970. 2. In keeping with this, should the primary elections and general election, assuming the necessity for elections to be held by filings being made, then be conducted in the New Districts. 3. If, the answer to Query 1 and 2 is in the negative; then, should the Election Board proceed to receive filings, and hold elections, in Districts (called Old Districts) as the same existed prior to the March 2, 1970, action of the Board of County Commissioners. "Please advise as soon as possible so that we may proceed correctly in the 1970 election of County Commissioners for Craig County." We cannot and do not express any opinion regarding any questions in this matter currently under review in the Supreme Court of Oklahoma. Nor do we express an opinion or seek to anticipate the outcome of that litigation. Our comments are confined solely to the status of the resolution and redistricting order as it presently exists in the light of the questions you have propounded to us. Pertinent to your inquiry are the following statutory provisions. Title 19 O.S. 321 [19-321] (1961), provides: "Each county shall be divided by the board of county commissioners into three compact districts, as equal in population as possible, numbered respectively one, two and three, and subject to alteration not more than once in three years; and one commissioner shall be elected from each of said districts by the voters of the district, as heretofore provided." Title 19 O.S. 431 [19-431] (1961), provides in relevant part: "From all decisions of the Board of Commissioners, upon mattes properly before them, there shall be allowed an appeal to the District Court by any persons aggrieved, including the County by its County Attorney. . . ." Several pleadings have been submitted with your request for an opinion. They consist of the Petition for Alternative Writ of Mandamus; Answer and Return to the same; the Motion of the Board of County Commissioners praying the court to dismiss and vacate the Alternative Writ of Mandamus previously issued, the Minutes of the Court dated March 26, 1970, and April 21, 1970, respectively; the Certificate of Appeal filed by the appellants; the Journal Entry of Judgment dated April 21, 1970; and Appellants' Joint Petition in Error. It nowhere appears that the appellants moved to appeal to the District Court the resolution and Order of the Board of Commissioners redistricting the county. It seems clear that the Journal Entry of Judgment of April 21, 1970, concerned the proceedings on the hearing relative to the Petition for Writ of Mandamus. It also appears that the court examined the resolution promulgated by the County Commissioners on March 2, 1970, and to all intent and purposes declined to question the quality or fairness of the plan, but simply sought to determine if it met the standards of the requirements of the Federal Constitution and of the Oklahoma statutes. Finding that it did comply with the statutes aforesaid, the court approved, confirmed and ratified the redistricting order of the Board of County Commissioners. Nowhere does the record indicate that the plaintiff appellants appealed the action of the Board of County Commissioners to the District Court under 19 O.S. 431 [19-431] (1961) et seq. Their current appeal as set forth in their Petition in Error appears addressed to the question of the authority of said court to approve the plan of redistricting adopted by the Board of County Commissioners. It further appears that no supersedeas or stay order has been requested, filed or entered in these proceedings. In consequence, the Order of the Board of County Commissioners is presently in effect. In Edge v. Board of County Commissioners, Okl. 318 P.2d 621 (1957), the court in numbered paragraph three of its syllabus stated: "On appeal to the district court from an order of the Board of County Commissioners the trial in the district court shall be de novo, which means that the entire case must be tried anew on questions of both law and fact, and the district court has no jurisdiction to render judgment without hearing evidence to support its findings and conclusions. Section 434, 19 O.S. 1951 [19-434]." In Butler v. Board of County Commissioners of Muskogee County, Okl. 413 P.2d 552 (1966), our Supreme Court in paragraph one of its syllabus observed: "The Board of County Commissioners in the redistricting of the districts of the three county commissioners in a county act in a quasi judicial capacity." It also observed in paragraph two of its syllabus: "A large discretion is reposed in the Board of County Commissioners of a county in revising the districts of the three county commissioners in the county." To the same effect see Baker v. Board of County Commissioners of Stephens County, Okl. 439 P.2d 946
(1968). It is therefore obvious that an appeal from an order adopted by a Board of County Commissioners must be in accordance with and as provided for in 19 O.S. 431 [19-431] (1961), et seq. Under Section 19 O.S. 432 [19-432], such appeal must be taken within twenty (20) days after the decision of the Board which is the subject of the appeal. Under Section 19 O.S. 435 [19-435] the District Court may make final judgment and cause its execution or may remand the case to the Board of Commissioners with orders to proceed in compliance with the order of the court. It appears that in this instance there was no appeal from the resolution and order issued by the Board of County Commissioners. The proceedings before the District Court were limited to a determination by that court of the legality of issuance of its Writ of Mandamus, and whether the action taken by the Board met the Court's requirements and the statutory standards. Presumptively, therefore, the appeal to the Supreme Court of Oklahoma is upon the question of whether or not the Order of the Board of County Commissioners satisfied the requirements of the statute and of the Writ of Mandamus issued by the District Court. Inasmuch as the time for the filing of an appeal from the action of the Board of County Commissioners has elapsed, and no supersedeas or order to stay the effectiveness of the Board's Order was requested or issued, and in the absence of any provision for an automatic stay of such order provided for in procedural statutes, the Order of the Board of County Commissioners is to all intent and purposes an effective Order and a judgment of the district court at this time. In view of the foregoing, therefore, it is the Attorney General's opinion that your question number one must be answered in the affirmative in that the Craig County Election Board shall declare the three districts created as of March 2, 1970, (called the New Districts) as the districts in which filings for county commissioner are to be received on July 6 — 8, 1970. It is the further opinion of the Attorney General that your question number two must be answered in the affirmative in that the primary elections and general elections, assuming the necessity for elections to be held by filings being made, then be conducted in the New Districts. The answers to questions numbered one and two obviate the necessity of dealing with your question numbered three. (Carl G. Engling)