William Marvin FARR and Tom Porter, d/b/a Porter Beauty Supply, Petitioners,

v.

A. P. VanMETER, Judge of the District Court, Seventh Judicial District in and for Oklahoma County, State of Oklahoma, Respondent.

No. 44570.

Supreme Court of Oklahoma.

Dec. 23, 1970.

Robert S. Baker, Oklahoma City, for petitioners; Pierce, Duncan, Couch & Hendrickson, Oklahoma City, of counsel.

Berry & Berry, Oklahoma City, for respondent.

DAVISON, Justice.

This original action seeks a writ of mandamus directed to the respondent Judge of the District Court of Oklahoma County requiring him to issue an order directing one Nora Huffman to submit herself to examination by C. A. Gallagher, M.D. and Richard E. Carpenter, M.D.

The respondent Judge held that he did "not have the power to order the sought-after medical examination, and, therefore, declines to exercise any discretion in the matter."

The facts, as disclosed by the pleadings and briefs, are that Nora Huffman, joined by another person, sued petitioners Farr and Porter in the District Court of Oklahoma County for damages for alleged personal injuries arising out of an automobile accident. The case was set to come on for trial on April 13, 1970. Prior to that date the counsel for Farr and Porter ascertained that Nora Huffman was being treated or cared for by an orthopedic surgeon and a neurologist and that the testimony of these doctors would be used at the trial. Counsel then requested that Nora Huffman consent to an examination by Drs. Gallagher and Carpenter. She did consent and these examinations were made.

Several days before the trial date one of Nora Huffman's doctors stated he would perform a spinal fusion upon her. On the basis of this report, Nora Huffman's counsel asked and had the case stricken from the trial docket. The operation, when performed, was a complete resection of her coccyx. Some four months later Nora Huffman's counsel agreed in writing to a postoperative examination. Petitioners allege that when arrangements were made for an examination by Drs. Gallagher and Carpenter, Nora would not agree to examinations by either. In her brief Nora Huffman states that she consented to a re-examination by Dr. Gallagher, but refused to be re-examined by Dr. Carpenter.

It is not disputed that Nora Huffman intends to offer as evidence pictures of her rear extremity, X-rays, and medical testimony concerning her condition before and after her operation. Also the reports of Nora Huffman's doctor indicate certain neurological and psychiatric ailments allegedly connected with the accident.

Farr and Porter presented a motion to the respondent Judge requesting that Nora Huffman be directed to submit to the examinations. Respondent Judge refused on the ground above set out, that he did not have the "power" to make the order.

The real question presented is whether under the circumstances, Nora Huffman should submit to re-examinations by Drs. Gallagher and Carpenter. In the brief filed herein in behalf of the defendant Judge, it is urged that Nora Huffman, having submitted to examination by the doctors, should not be required to submit to further examinations.

In Witte v. Fullerton, Okl., 376 P.2d 644, we held that the trial court in the exercise of its discretion in personal injury actions, upon timely request therefor, may properly order a plaintiff to submit to a physical examination. We further said that the reason for such examination was to forward the object of all court litigation which was as far as possible to arrive at the truth and to administer justice.

In the Witte case we were not presented with a situation involving re-examination of the plaintiff. However, there is nothing in the above rule that would bar additional examinations.

■ The question of whether the defendant, in a personal injury action, is entitled to have the plaintiff examined more than once to determine the extent of his injuries depends on the particular circumstances of each case, and the court may order further examinations if it deems them advisable. 23 Am.Jur.2d, Depositions and Discovery, § 223, and 25A C.J.S. Damages § 174(5).

■ We are aware of the general rule that while a writ of mandamus will issue to compel an inferior tribunal to exercise its legal discretion, it will not issue to compel the exercise of the discretion in a particular way. In this case, however, there is no dispute as to the controlling facts. In view of our conclusions, supra, the action of the respondent Judge amounts to a denial of a right of the petitioners which they were clearly entitled to enforce. State of Oklahoma, ex rel. Evertson v. Cornett, Okl., 391 P.2d 277.

The application to assume original jurisdiction and the petition for writ of mandamus are both granted.

All Justices concur.