**L. G. HAWKINS, Petitioner-Appellant,**

**v.**

**Honorable Mermon H. POTTER, Associate District Judge, et al., Respondent-Appellee.**

**No. 45998.**

Supreme Court of Oklahoma.

Oct. 31, 1972.

SIMMS, Justice:

Petitioner/Appellant is a lawyer who was appointed by the District Court of Osage County for the purpose of representing an indigent defendant, for the purpose of appealing to the Court of Criminal Appeals a Denial of Post-Conviction Relief of the trial court.

The appeals from Denial of Post-Conviction Relief were, factually, perfected, and thereafter the Court of Criminal Appeals denied the appeals.

On March 21, 1972, Petitioner/Appellant forwarded a written claim upon the court fund of Osage County for legal services rendered the indigent defendant on appeal. The total amount of the claim, including out-of-pocket and actual expenses, totaled $2,917.00. On March 30, 1972, Petitioner/Appellant filed a Motion for Approval of Attorney Fees and an Application to set his Motion for hearing before the trial judge in Osage County who had appointed Petitioner/Appellant to perfect the appeals.

An Evidentiary Hearing pertaining to the reasonableness of the claimed attorney fees, was had before the Honorable Mermon H. Potter, Associate District Judge in and for Osage County on April 21, 1972. At the termination of the hearing, Respondent/Appellee Judge found a reasonable fee to be in the sum of $250.00, basing his finding upon long established custom in Osage County.

Apparently, no journal entry of judgment was filed because none is contained within the record on file in this Court. However, on May 9, 1972, Petitioner/Appellant filed an instrument in the District Court of Osage County styled "Designation of Record and Request for Transcript of Testimony in Accordance with Notice of Intent to Make Application for Writ of Mandamus."

On August 25, 1972, Petitioner/Appellant attempted to invoke the jurisdiction of this Court by filing what is styled "Petition for

L. G. Hawkins, pro se by Delbert Brock, Tulsa, for petitioner-appellant.

Writ of Mandamus/or in the Alternative, a Petition in Error on Appeal." He seeks to mandamus the Trustee's of the Court Fund of Osage County to approve his claim in the sum afore designated, and prays in the alternative, that in the event mandamus be denied, his petition filed with this Court be treated as a Petition in Error on appeal.

An examination of the record on file with this Court leads one to the conclusion that it becomes unnecessary for this Court to pass upon the issue of the adequacy or inadequacy of the attorney fee allowed to Petitioner/Appellant for the following reasons.

If we are to treat the instrument filed by Petitioner/Appellant as a Petition for Writ of Mandamus, a cursory examination thereof indicates he has complied neither with the statutes governing petitions for writ of mandamus nor the written Rules of this Court.

His pleading is not verified, nor is there attached thereto, an affidavit, which is required by 12 O.S.1971, § 1455.

"The motion for the writ must be made upon the affidavit, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

In the very early case of Collett v. Allison, 1 Okl. 42, 25 P. 516, this Court held that a writ of mandamus cannot be issued when the motion is not based upon affidavit, as was required by the then existing code. Also, in Pallidy et al. v. Beatty et al., 15 Okl. 626, 83 P. 428, the Court again recognized, under the then existing statutes, that as pertains to mandamus, "The motion for the writ must be made upon affidavit."

In Cook v. Board of Education, 61 Okl. 152, 160 P. 1124, we find the following language in the body of the opinion:

"The only grounds argued in the brief for reversal are, first, that the petition was not properly verified. The verification attached to the petition is as follows: 'State of Oklahoma, County of Atoka—ss.: W. A. McBride, Sr., being first duly sworn, makes oath and states that the facts stated in said petition are true '—which affidavit is signed and sworn to. *The statute authorizing the issuance of the writ* (§ 4911, Revised Laws 1910) *provides that the motion for writ must be made upon affidavit.*" (Emphasis ours.)

▆▆▆ Concededly, the defect in the petition for writ of mandamus for the reason same is not verified nor based on affidavit, is an objection which can be waived by the adverse party by filing their return to an alternative writ of mandamus or by further pleading to the writ by way of answer. In the instant case, Petitioner/Appellant sought neither a peremptory writ of mandamus nor did he seek an alternative writ as is provided by 12 O.S.1971, § 1454. Therefore, Respondent/Appellee have not filed a return of any alternative writ nor have they pled to the petition filed in the case. It therefore follows they have not entered such an appearance as to waive the defect in the instrument filed by Petitioner/Appellant.

In addition to overlooking the provisions of 12 O.S.1971, § 1455, supra, Petitioner/Appellant has overlooked our Rule Number 37, which governs Special Rules Applicable to Original Proceedings in this Court, Other Than to Review Orders and Awards of the State Industrial Commission. Rule 37 provides, among other things, that:

"(4) No such applications except application for writs of habeas corpus will be heard without notice to the adverse party unless by reason of an emergency this Court determines the application should be heard without notice. Such notice shall state that the application, a copy of which must be attached to the copy of

the notice served on the adverse party, has been filed on the date and time on which such application will be presented to the Court. Unless otherwise ordered by the Court, all such notices must designate a Tuesday, at 1:30 p. m., or as soon thereafter as may meet the convenience of the Court, as the day and time on which such applications will be presented to the Court. *The original notice showing service on the adverse party shall be filed with the Clerk at the time the application with briefs attached are filed.* Amended Oct. 5, 1964, effective Nov. 1, 1964."

 The record before us shows a complete absence of notice to be served upon the adverse party as provided not only by statute but by specific Rule of this Court. Non-compliance with the Adopted Rules of the Supreme Court may be grounds to dismiss the cause. (See, Rule 1, Oklahoma Supreme Court. 12 O.S.1971, Ch. 15, Appendix 1)

 Even had Petitioner/Appellant's petition for writ of mandamus been properly made upon affidavit or verified, under the circumstances of this particular case, mandamus would not be a proper remedy.

Title 22, O.S.1971, § 1074 provides, in part:

"Whenever the judge of any court of record within this state shall determine that any person convicted of a crime within his court is without adequate funds or resources to employ legal counsel for the perfection of an appeal, he shall upon request of said convicted person appoint counsel for appeal. Said counsel shall be provided adequate compensation, *as fixed by the judge,* from the court fund of the county in which the defendant was convicted. * * * "

In the instant case, the trial court factually fixed the attorney fee. Petitioner/Appellant's complaint goes directly to the amount of the compensation allowed by the trial judge, which involves discretion on the part of the trial judge. This Court has held that while a writ of mandamus will issue to compel an inferior tribunal to exercise its legal discretion, it will not issue to compel exercise of discretion in a particular way. Farr v. Van-Meter, Okl., 478 P.2d 896 (1970). Because Petitioner/Appellant is attempting to mandamus the individually named defendants, in their capacity as Trustees of the Court Fund of Osage County, to pay a claim for attorney fees in an amount of more than that fixed by the judge, it is to be emphasized that the fixing of the attorney fee rests with the trial judge, under the provisions of 22 O.S.1971, § 1074, supra, and not with the Trustees of the Court Fund.

Title 20, O.S.1971, § 1304 delineates those claims which may be made against the court funds of the various counties of this State. While this statute vests with the trustees certain discretion concerning disbursements of court fund monies to pay "expenses" as defined within the statute, the conclusion is inescapable that the allowance of the claim for attorney fees for an indigent defendant on appeal in a criminal case is purely ministerial in nature, for the simple reason that the amount of that fee is by statute, as above alluded to, to be fixed by the trial judge.

By reason of the foregoing, Petitioner/Appellant's prayer for a writ of mandamus must be denied.

 If we are to treat his pleading filed in this Court as a petition in error, seeking a review of the order of the trial court fixing adequate attorney fees, we must conclude that the same is not timely filed. 12 O.S.1971, Ch. 15 of Appendix 2, Rule 1.15, provides:

"Petition in error shall be filed within thirty days from the final judgment or final order;"

In the instant case, the appealable order or judgment of the trial court was entered on April 21, 1972. No attempt to file a petition in error was made until August 25,

1972, well after the expiration of the thirty day provision. 12 O.S.1971, § 990, likewise provides for the filing of a petition in error within thirty days from the date of the final order of judgment sought to be reviewed. The filing of a petition in error within the time prescribed by law is jurisdictional. Reed v. Moore, Okl., 386 P.2d 763, 765 (1963).

Petitioner/Appellant sought to bring this action in the Court of Criminal Appeals, State of Oklahoma, however, because it involved a matter civil in nature, more particularly, a claim against the Court Fund of Osage County, this Court assumed jurisdiction of the matter.

Insofar as the purported petition in error is concerned, and the untimely filing thereof, we call Petitioner/Appellant's attention to Ressler v. State, Okl.Cr., 462 P.2d 279 (1969), which held that the filing of a petition in error with the Clerk of the Court of Criminal Appeals within thirty days from the date of judgment was jurisdictional, and if the petition in error was not timely filed, the attempted appeal would be dismissed.

■ Because this matter is of major concern to those members of the Bar who are appointed by the various district courts to represent indigents on appeal, we only suggest that the proper procedure to follow, if the attorney feels aggrieved by the order of the trial court fixing compensation, is to immediately cause a journal entry of judgment be prepared for the trial judge's signature, and that the established appellate procedures, as outlined by statute and the Rules of the Supreme Court of this State be followed. It is only through this procedure that a proper review of the trial court's order, under such circumstances, would properly be before this Court.

We therefore conclude the Petitioner/Appellant's purported petition for writ of mandamus must be Dismissed; and, that the attempted appeal must be Dismissed for want of jurisdiction.

All the Justices concur.