COURT FUND OF TULSA COUNTY, Oklahoma, et al., Petitioners,

v.

Honorable R. Jay COOK, District Judge, Respondent.

No. 47866.

Supreme Court of Oklahoma.

Dec. 7, 1976.

S. M. Fallis, Jr., Dist. Atty., Tulsa County by Marvin E. Spears, Asst. Dist. Atty., Tulsa, for petitioners.

Stephen C. Wolfe, Tulsa, for respondent.

SIMMS, Justice.

The issue presented is whether the District Court of Tulsa County, Small Claims Division, could entertain and adjudicate a previously rejected Court Fund claim.

Russell K. Hunt was employed as a full time bailiff having been appointed to that position by an associate district judge of Tulsa County. At all times hereinafter mentioned, Hunt was acting in the capacity of full time bailiff, and drawing statutory compensation therefor.

A criminal case was commenced before an associate district judge, other than the one who had employed Hunt, on or about the 12th day of March, 1973. The bailiff of the associate district judge before whom the criminal case was being tried became incapable of performing his duties and Hunt volunteered his services for the court before whom the criminal case was being tried, in exchange for the services of the

bailiff appointed by the judge conducting the criminal case serving the judge who had appointed Hunt.

There was, thereby, existent a situation where Hunt was a full time bailiff for one associate district judge, being paid a monthly salary and due to disabilities of another bailiff, exchanged courtrooms temporarily to assist another associate district judge whose bailiff was not able to properly perform all of his necessary functions in connection with a jury in a criminal case which had been sequestered.

Thereafter, Hunt filed a claim against the Tulsa County Court Fund for compensation in connection with his services in attending the sequestered jury. The claim was denied by the Court Fund Board and Hunt commenced an action in the small claims division of the District Court of Tulsa County, naming the Court Fund, and the individual administrators of the Court Fund as defendants. The action was brought to recover "salary and earnings * * * in connection with services rendered re: jury sequestration * * * $187.50 principle (sic) plus double damages —$375.00 total."

Petitioners then challenged the jurisdiction of the district court to hear and determine the claim arguing that original administrative jurisdiction over Court Funds is vested exclusively in the Supreme Court. Respondent Judge held the district court had jurisdiction to adjudicate the claim. In this original proceeding, petitioners seek to prohibit the Respondent Judge from further proceeding in the cause.

Respondent asserts that the Supreme Court should not assume original jurisdiction on the theory that prohibition is an extraordinary writ, and resort to it cannot be had when the ordinary and usual remedies are available and the writ cannot take the place of, or be a substitute for, an appeal. *Watchorn Basin Assn. v. Oklahoma Gas and Elec. Co.*, Okl., 525 P.2d 1357

(1974). It is urged that petitioners have a good and sufficient remedy at law by way of appeal and there is no need or necessity at this time for this Court to take any affirmative action.

Title 20, O.S.1971, § 1301, provides that all fees, fines and forfeitures shall, when collected by the court clerk, be deposited by him in a fund in the county treasurer's office designated "The Court Fund", and shall be used, from year to year, in defraying the expenses of holding court in said county. Section 1302 prescribes who shall serve on the Governing Board of the Court Fund (a district judge, an associate district judge, and the county treasurer); and § 1304 states that claims against the Court Fund must be approved by the district judge who is a member of the governing Board and either, the local court clerk, or the associate district judge who is also a member of the governing Board.

■ Created by legislative enactment, the Court Fund Board is not an independent governmental institution or even an entity, but rather a fiscal arm of the judicial system through which claims may be considered, disbursements made and yieldable revenue transferred to the State Judicial Fund. The Court Fund Board is indeed an inseparable part of the district court, all of whose operations are subject to the administrative control granted to the Supreme Court by Article 7, Sec. 6, Okl. Const. [1]

■ A Court Fund claim presented to the Board stands in fact before *the district court* and that court must act upon it through its fiscal arm—the governing Board of the Court Fund. It is the duty of the Board to process the claim to final determination. When the claim is finally denied, all proceedings in that court stand effectively completed. Claimant may not proceed further in that court. No other legal process is either provided by statute or otherwise available. The Board's deter-

1. Oklahoma's New Judicial System, Court Funds. George B. Fraser, 21 Okl.Law Rev., 373, 406.

mination is entitled to the same presumption of correctness as a judgment and is similarly immune from collateral attack.

■ There can be, therefore, no remedy through a common-law action in the same or any other court. Rather, the only corrective process available to the aggrieved claimant is by proceeding in the nature of mandamus in this Court.

■ A claim against the Court Fund may arise in one of two ways. The first of these is based on a preadjudicated amount ordered to be paid by a judge. The most common claim in this category is one for fees earned by an attorney who represented an indigent client in a criminal case, and had his fee fixed by an order of the trial judge. This Court dealt with such a claim in *Hawkins v. Potter, Judge,* Okl., 503 P.2d 192 (1972). There, we held that where a claim against the Court Fund was predicated upon a preadjudicated amount lawfully ordered to be paid, the function of the Court Fund Board in entertaining the claim was purely ministerial in nature. Clearly, mandamus lies to compel the performance of a ministerial duty. 12 O.S.1971, § 1451; *Ballard v. Christian,* Okl., 451 P.2d 943 (1969).

■ On the other hand, if a claim against the Court Fund arose by reason of a statutorily authorized expense which did not require an exercise of a judge's discretion in preadjudication of the amount due, and that claim is denied, certainly due process commands that the claimant be given an opportunity to be heard in support of the claim after its initial rejection.

■■ Therefore, it appears to be mandatory that following denial of a non-preadjudicated claim, the Court Fund Board, if requested so to do, must give the claimant a post-rejection hearing, at which both the legality and reasonableness of the amount due on the claim may be established by evidence. This post-rejection hearing should be conducted with a court reporter present and if the claim be finally denied by the Board, claimant may seek corrective relief in this Court in the nature of mandamus. He should attach to his petition for writ of mandamus a transcript of the evidence proffered before the Board in support of his claim.

■ In no instance is the Court Fund in any county or its administrators subject to suit in the district court.

■ Having established remedial procedures, we now turn to the primary issue of legality of the claim made by the bailiff for services rendered after regular hours while in attendance upon a sequestered jury in a criminal case.

The claim in issue is one for extraordinary services in attending a sequestered jury at night reportedly rendered while claimant was serving as a full-time bailiff and drawing full-time compensation for his work. It was held in *Board of Commissioners of McIntosh County v. Whitaker,* 50 Okl. 232, 158 P. 136 (1916), *syllabus by the Court*:

"A bailiff, in attendance upon a court of record, is only entitled to receive the compensation provided by law * * *, for the time actually in attendance upon the court while in session, and *he is not entitled to receive additional compensation because his duties require him to remain in attendance upon the court during the nighttime.*" (emphasis ours)

Absent specific legislation so authorizing, the bailiff in this case is not entitled, as a matter of law, to receive additional compensation from the Court Fund for services rendered to a jury sequestered during or after trial. There is no such legislation in force.

■ Nor can the claimant obtain relief by reason of the 1974 congressional amendments to the Fair Labor Standards Act, which purported to extend the Act's minimum wage and hour provisions to almost all employees of the states and their political subdivisions. The Supreme Court of the United States, in *National League of*

*Cities v. Usery*, 426 U.S. —, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), held that such congressional extension is not within the authority granted Congress by Art. I, § 8, Cl. 3, or § 5 of the Fourteenth Amendment to the Federal Constitution in that the 1974 Amendments to the Act operated to directly displace the states' freedom to structure integral operations in areas of traditional government functions.

▮ We therefore conclude that claimant is not entitled to bring a common-law action for the recovery of money by reason of "expenses" incurred by the "Court Fund"; that the trial court is therefore without power to proceed further in the matter below; that where a claim against the Court Fund is predicated upon an order entered by a judge of the district court pursuant to statutory authority, and the Court Fund Board refuses to honor that claim, claimant may proceed in this Court by mandamus to compel payment; but if the claim is based upon "expense" not preceded by adjudication, claimant, if he so requests, may have a post-rejection hearing before the Court Fund Board and introduce evidence in support of the legality as well as correctness of the claim; upon final denial of such a non-preadjudicated claim, he may bring corrective action in the Supreme Court of Oklahoma in the nature of mandamus, with a transcript of the proceedings had before the Court Fund Board attached for our review.

Application to Assume Original Jurisdiction Granted; Let the Writ Issue against Respondent Judge Prohibiting him from further proceeding in case Number SC–74–8838, District Court, Tulsa County, Small Claims Division, except to take measures necessary to effect dismissal of the instant proceeding.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER, BARNES, and DOOLIN, JJ., concur.

HODGES, V. C. J., dissents.