993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nannette WELLS, Plaintiff-Appellant,
v.
John H. SCAGGS, Defendant-Appellee.
 No. 92-7094.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Nannette Wells appeals from an order of the district court granting summary judgment to defendant, the Honorable John H. Scaggs, a district judge of the Twentieth Judicial District of Oklahoma. We affirm.
 
 
 3
 Plaintiff, a former deputy court clerk, sued defendant after learning he had written a letter to the court clerk stating he would no longer approve any claims plaintiff made for wages payable from the court fund after learning she was to be bound over on felony embezzlement charges. Plaintiff was suspended with pay at the time the letter was written. Plaintiff alleged she had a property interest in wages accrued but unpaid for the month in which the letter was written, and defendant's action deprived her of that property interest without due process. Plaintiff further alleged that as a result of this letter, she was terminated from her position, and defendant's action, therefore, constituted interference by a third party into her property interest in her employment contract.
 
 
 4
 The matter was adjudicated by a magistrate judge by agreement of the parties. See 28 U.S.C. § 636(c)(1). Defendant raised the defense of qualified immunity and moved for summary judgment. The magistrate judge found defendant was entitled to qualified immunity because plaintiff, an at-will employee, had no property interest in her continued employment and, therefore, was not entitled to the protections of due process.
 
 
 5
 We review the district court's grant of summary judgment de novo, applying the same standards used by the district court. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 6
 The first inquiry in reviewing the district court's grant of qualified immunity is whether the plaintiff alleged a violation of any right secured by the Constitution. See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).
 
 
 7
 On appeal, plaintiff argues she had a property interest in both her accrued but unpaid wages and in her employment contract. Plaintiff argues that she was deprived of these interests without due process of law.
 
 
 8
 Plaintiff argues that Oklahoma recognizes a property interest in preadjudicated claims against a court fund and, therefore, she is entitled to the protections of due process. Plaintiff, a part-time employee, was paid out of the court fund. She signed a claim against the court fund monthly for her wages. Defendant approved all claims against the fund. See Okla.Stat. tit. 20, § 1304. In his letter, defendant stated he would no longer approve any claims plaintiff made against the fund. Plaintiff did not file a claim against the fund for wages at any time after the letter was written. Therefore, defendant never denied her claim. If he had, plaintiff could have pursued established post-rejection procedures. See Court Fund of Tulsa County v. Cook, 557 P.2d 875, 878 (Okla.1976). Even if plaintiff had a property right to her pay while she was suspended, redress for any deprivation of that right was available.
 
 
 9
 Plaintiff argues that under Oklahoma law, an employment contract is a property interest, although, because she was an at-will employee, that interest did not survive her termination. Plaintiff argues that defendant's letter, written while she was still employed, interfered with that property interest because the letter was the instigating factor in her firing.
 
 
 10
 The Oklahoma Supreme Court has held that a third party "who intentionally interferes with an employment relationship by unlawful means or without justifiable cause, becomes liable to the employee for any proximately caused harm." Hinson v. Cameron, 742 P.2d 549, 551 n. 3 (Okla.1987) (citing Del State Bank v. Salmon, 548 P.2d 1024, 1026 (Okla.1976)). Here, even assuming both that plaintiff had a property interest in her employment status and that defendant interfered with that interest, defendant's decision to no longer approve claims for plaintiff was justifiable.
 
 
 11
 In conclusion, assuming that plaintiff possessed all the property interests claimed, she was not unconstitutionally deprived of those interests. Lacking any violation of her constitutional rights, the district court properly entered summary judgment for defendant.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3