**OKLAHOMA INDIGENT DEFENSE SYSTEM, Petitioner,**

v.

**Honorable Clifford HOPPER, Presiding Judge, District Court of Tulsa County, Respondent.**

No. 81985.

Supreme Court of Oklahoma.

Dec. 14, 1993.

Lisbeth L. McCarty, Chief, Gen. Div., Oklahoma Indigent Defense System, Norman, for petitioner.

Robert J. Stubblefield, Tulsa, for respondent.

SIMMS, Justice.

This application for extraordinary relief in the form of a request for prohibition presents both an issue of first impression and a potential conflict of jurisdiction between this Court and the Court of Criminal Appeals. Because this court has constitutional superintending and administrative control and authority over all court funds in the State, (Art. 7, §§ 4 and 6, Okla. Const.) the Court of Criminal Appeals judiciously referred the cause to this court to resolve any jurisdictional conflict.

This matter presents a threatened impact on the court funds of both Oklahoma and Tulsa Counties. The Supreme Court of Oklahoma has general superintending control and administrative authority over all court funds in the state pursuant to Okla. Const.,

Art. 7, §§ 4 and 6. *Court Fund of Tulsa County v. Cook*, 557 P.2d 875 (Okla.1976).

At issue is whether or not the Oklahoma Indigent Defense System (System) can be ordered by a District Judge of a county with a population in excess of two hundred thousand (200,000) to represent a convicted indigent on his appeal from a conviction for a non-capital offense where there is a conflict between the convicted indigent and the public defender who represented him at trial. We find this Court has jurisdiction to resolve the issue. *See: Rivera v. District Court*, 851 P.2d 524 (Okla.1993). Therefore, we assume original jurisdiction and grant the writ of prohibition.

Brian Dale DuBuc was convicted of a non-capital crime in the District Court of Tulsa County. DuBuc was represented at trial by a member of the Tulsa County Public Defender's Office (Public Defender), and the public defender was appointed by the district judge to represent DuBuc on appeal. The public defender filed a petition in error on behalf of DuBuc, but thereafter, a conflict of interest arose between DuBuc and the public defender. The public defender then withdrew as attorney of record in the Court of Criminal Appeals.

Respondent judge then appointed the System to represent DuBuc on the appeal. System declined the assignment because they believed they were not authorized by statute to accept assignments in non-capital cases from Tulsa County. After system refused the assignment of DuBuc's case on appeal, respondent judge wrote a letter to the System stating he did not believe the statute, 19 O.S.1991, § 138.9, prevented the System from representing the convicted indigent in a non-capital case, and that "Failure to comply with this order (order of assignment) could result in contempt proceedings."

The System then sought prohibition in the Court of Criminal Appeals, alleging Respondent Judge had exceeded authorized judicial authority and power. The Court of Criminal Appeals then transferred the original action to this Court.

■ We take judicial knowledge of the fact that Tulsa County has a population in excess of 200,000 under the latest Federal Decennial Census. 12 O.S.1991 §§ 2202, 2203.

Tit. 19 O.S.Supp.1992, § 138.7 provides:

"In those counties subject to the provisions of Section 138.1 of Title 19 of the Oklahoma Statutes, if the court determines that a conflict of interest exists between a defendant and the county indigent defender, the case may be reassigned by the court to another county indigent defender, an attorney who represents indigents pursuant to contract, or a private attorney who has agreed to accept such appointments. In addition *in every case where the defendant* is subject to the death penalty and a conflict of interest exists between the defendant and the county indigent defender, the court may appoint the Indigent Defense System to represent the defendant." (E.S.)

Sec. 138.1 creates the office of county indigent defender in counties having a population in excess of 200,000; defines the duties of the indigent defender; provides for office space; and makes the indigent defender a state employee for purposes of the Governmental Tort Liability Act.

Tit. 19 O.S.Supp.1992, § 138.9 reads:

"In those counties with a population in excess of two hundred thousand (200,000) under the latest Federal Decennial Census, the county public defenders, for those counties subject to the provisions of Section 138.1 of Title 19 of the Oklahoma Statutes, shall perfect appeals for those defendants which they represented in the trial court *unless an appellate conflict exists between two or more such defendants.* The Oklahoma Indigent Defense System shall be appointed for *those* conflict cases. The Oklahoma Indigent Defense System shall also represent all indigent defendants from such counties who were *not* represented at trial by the county public defenders." (E.S.)

■ We thus conclude from a clear reading of the statutes that the System is authorized to accept from counties with a population in excess of 200,000 *only* capital cases, appeals where there exists a conflict between two or more defendants, and appeals involving indigent defendants who were not represented by the public defender at trial.

■ The right of a convicted person to be represented by counsel on appeal is guaranteed by Art. II, Sec. 20, Okla. Const., and by the Fifth, Sixth, and Fourteenth Amendments to the Federal Constitution. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

Respondent judge is therefore prohibited from assigning the Oklahoma Indigent Defense System as counsel in the appeal of DuBuc to the Court of Criminal Appeals and from instituting contempt proceedings against the System.

While respondent judge is to be commended for protecting the Tulsa County Court Fund from questionable expenditures, nonetheless, the fundamental, constitutional right of an indigent convicted person to counsel for his appeal far outweighs economic considerations. Respondent judge therefor is directed to appoint counsel, other than the Indigent Defense System to represent DuBuc on his appeal.

**LET THE WRIT ISSUE.**

All the Justices concur.