Dear Auditor and Inspector McMahan
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Are purchases made from the Court Fund governed by the Oklahoma Central Purchasing Act (74 O.S. 2001 Supp. 2002, §§ 85.1-85.44C), the county purchasing procedures (19 O.S. 2001 Supp. 2002, §§ 1500 -1507), or some other source?
 Introduction
¶ 1 All fees, fines, costs and forfeitures collected by a court clerk are deposited in a fund in the county treasury called the Court Fund. 20 O.S. 2001, § 1301[20-1301]. The Oklahoma Statutes direct that the Court Fund "shall be used, from year to year, in defraying the expenses of holding court in said county." Id.
They provide that "[t]he county treasurer shall act as an agent of the state in the care and handling of the Court Fund." Id.
The Court Fund is controlled by a governing board consisting of a "district judge, an associate district judge and the clerk of the court of the county where the fund is established." Id. § 1302. Claims against the Court Fund must be approved "by the district judge who is a member of the governing board of the court fund and either the local court clerk or the local associate district judge who is a member of the governing board." 20 O.S. Supp.2002, § 1304[20-1304](A).
¶ 2 Section 1304(D) of Title 20 provides:
 Items of equipment, furniture, fixtures, printing, or supplies that are available in the quantities desired from a contract vendor's list for order or purchase by the court fund through the facilities of the Central Purchasing Division of the Department of Central Services may not be purchased by any court fund at prices higher than those approved by the Director of Central Purchasing.
Id.
¶ 3 In Court Fund of Tulsa County v. Cook, 557 P.2d 875,877 (Okla. 1976), the Oklahoma Supreme Court held:
 Created by legislative enactment, the Court Fund Board is not an independent governmental institution or even an entity, but rather a fiscal arm of the judicial system through which claims may be considered, disbursements made and yieldable revenue transferred to the State Judicial Fund. The Court Fund Board is indeed an inseparable part of the district court, all of whose operations are subject to the administrative control granted to the Supreme Court by Article 7, Sec. 6, Okl. Const.
Id.
¶ 4 Similarly, in Oklahoma Indigent Defense System v. Hopper,867 P.2d 1256, 1257 (Okla. 1993), the Oklahoma Supreme Court held that it "has general superintending control and administrative authority over all court funds in the state pursuant to Okla. Const., Art. 7, §§ 4 and 6."
¶ 5 The Oklahoma Supreme Court has adopted rules governing the management of the Court Fund pursuant to the authority granted by the Oklahoma Constitution. See 20 O.S. 2001, ch. 18, app. 1. Rule 5 provides, in pertinent part:
 (a) No claim may be approved by the district judge-member of the court fund governing board until the vendor has certified or the district judge has determined that the price to be paid is not higher than that approved by the central purchasing office or that the supplies are not available in the quantity desired through the facilities of the central purchasing office.
Id.
¶ 6 You ask whether purchases made from the Court Fund are governed by the Oklahoma Central Purchasing Act ("Act"), (74O.S. 2001 Supp. 2002 §§ 85.1-85.44C), the county purchasing procedures ("County"), (19 O.S. 2001 Supp. 2002, §§ 1500
-1507), or some other source. The answer to your question requires an examination of each of these bodies of law in light of the established rules of statutory construction.
¶ 7 "The goal of statutory construction is to ascertain and follow the Legislature's intent." Phillips v. Duke Mfg., Inc.980 P.2d 137, 139 (Okla. 1999). "[I]t is a long-standing rule of construction in this jurisdiction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies." Southwestern BellTel. Co. v. Okla. County Excise Bd., 618 P.2d 915, 919 (Okla. 1980).
 Application of the Central Purchasing Act to the Court Fund
¶ 8 The Act provides that "[e]xcept as otherwise provided by the Oklahoma Central Purchasing Act, every state agency shall make all acquisitions used, consumed or spent by the state agency in the performance of its official functions by the presentation of requisitions to the Purchasing Division." 2003 Okla. Sess. Laws ch. 342, § 1(A) (amending 74 O.S. 2001, § 85.4[74-85.4](A)). The Act provides that "`State agency' includes any office, officer, bureau, board, counsel, court, commission, institution, unit, division, body or house of the executive or judicial branches of the state government, whether elected or appointed, excluding only political subdivisions of the state[.]" 74 O.S. 2001, §85.2[74-85.2](32).
¶ 9 The Act specifically exempts certain entities and acquisitions from compliance with its provisions. See id. §§ 85.3A, 85.12.[1] The State court system is not among the entities exempted. See id. Therefore, the Court Fund would appear to fall within the definition of the Act.
¶ 10 The Act expresses the general policy that purchases made by State agencies shall be made through the Purchasing Division of the Department of Central Services. 2003 Okla. Sess. Laws ch. 342, § 1(A) (amending 74 O.S. 2001, § 85.4[74-85.4](A)). Both 20 O.S.Supp. 2002, § 1304[20-1304](D) and the Supreme Court Rules at 20 O.S. 2001, ch. 18, app. 1, refer to components of the Act. These statutes and rules provide that the prices approved by the Department of Central Services are to be used to establish a maximum amount to be expended on a given purchase, if those supplies are available in the quantity desired from the Central Purchasing Division. Id. However, neither the statutes nor the rules governing the Court Fund require that expenditures for purchases be subject to the Act. Id.
¶ 11 The Legislature and the Oklahoma Supreme Court have crafted a separate and distinct set of guidelines to be followed when purchases are made from the Court Fund. See 20 O.S. Supp.2002, § 1304[20-1304](A); Cook, 557 P.2d at 877; Hopper,867 P.2d at 1257. This body of law is specific in nature and clearly includes the matter in controversy, i.e., what law governs purchases from the Court Fund. Southwestern Bell,618 P.2d at 919. Furthermore, the Legislature and the Oklahoma Supreme Court established different rules and procedures for purchases than those found in the Act. See 20 O.S. 2001, § 1304[20-1304](D); 20 O.S. 2001, ch. 18, app. 1. Therefore, 20 O.S. 2001, § 1304[20-1304](D) and the Supreme Court Rules found at 20 O.S. 2001, ch. 18, app. 1, apply to purchases made from the Court Fund rather than the Act.
 Application Of The County Purchasing Laws To The Court Fund
¶ 12 The county purchasing procedures, 19 O.S. 2001 Supp.2002, §§ 1500-1507, generally set forth the procedures to "be used by counties for the requisition, purchase, lease-purchase, rental, and receipt of supplies, materials, and equipment for the maintenance, operation, and capital expenditures of county government unless otherwise provided for by law." 19 O.S. 2001,§ 1505[19-1505]. The county purchasing laws vest in a county purchasing agent the authority to "make all purchases that are paid from county funds for the various institutions, departments, officers, and employees of the county, except at public auctions and as otherwise provided for by law[.]" Id. § 1501(A)(1).
¶ 13 Although the Court Fund is in the county treasury, the monies contained in the Court Fund are not county funds, nor are they used to support county government. 20 O.S. 2001, § 1301[20-1301].
The county purchasing procedures do not control purchases made from the Court Fund. See 19 O.S. 2001 Supp. 2002, §§1500-1507. The Court Fund is part of the judicial system and is used to pay for the costs of district courts. 20 O.S. 2001, §§1301[20-1301], 1304; Cook, 557 P.2d at 877. Therefore, purchases from the Court Fund fall outside the scope of the county purchasing laws.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Purchases made from the Court Fund are governed by 20 O.S. 2001 Supp. 2002, §§ 1301 through 1312, and the Rules for Management of the Court Fund, 20 O.S. 2001, ch. 18, app. 1.
 2. The Court Fund is not subject to the provisions of the Oklahoma Central Purchasing Act, 74 O.S. 2001 Supp. 2002, §§ 85.1 through 85.44C, or the county purchasing procedures, 19 O.S. 2001 Supp. 2002, §§ 1500 through 1507.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 D. CASEY DAVIS Assistant Attorney General
[1] See 2003 Okla. Sess. Laws ch. 92, § 1; 2003 Okla. Sess. Laws ch. 257, § 2; 2003 Okla. Sess. Laws ch. 342, § 4 (amending74 O.S. 2001, § 85.12[74-85.12]). The modifications are not germane to the discussion here.