OSCN Found Document:PYBAS v. THE HONORABLE JEFF CRITES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 PYBAS v. THE HONORABLE JEFF CRITES
2025 OK 63
Case Number: 123031
Decided: 09/30/2025
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 63, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

JAMIE PYBAS, INTERIM EXECUTIVE DIRECTOR OF OKLAHOMA INDIGENT DEFENSE SYSTEM, PETITIONER,
V.
THE HONORABLE JEFF CRITES, JUDGE OF THE DISTRICT COURT, GRANT COUNTY, RESPONDENT.

APPLICATION TO ASSUME ORIGINAL
JURISDICTION FOR WRIT OF PROHIBITION 

¶0 Petitioner brought this action seeking a writ of prohibition against Respondent's order directing Petitioner to represent an indigent defendant in his request for resentencing under the Oklahoma Survivors' Act. Original jurisdiction is assumed, and we grant the extraordinary and declaratory relief sought by Petitioner.

ORIGINAL JURISDICTION ASSUMED;
WRIT OF PROHIBITION GRANTED.

Travis Sterling Smith and Lauren Winslow, Oklahoma Indigent Defense System, Norman, Oklahoma, for Petitioner.

Randall J. Yates and Deric J. McClellan, Crowe & Dunlevy, Tulsa, Oklahoma, for Respondent.

Winchester, J.

¶1 Petitioner Jamie Pybas, Interim Executive Director of the Oklahoma Indigent Defense System ("OIDS"), requests that this Court assume original jurisdiction and enter a writ prohibiting the Honorable Jeff Crites, Judge of the District Court of Grant County, from enforcing his order denying OIDS's request to vacate. OIDS sought to vacate an order directing it to represent indigent defendant Joshua Albright ("Albright") in his request for resentencing under the Oklahoma Survivors' Act. The central issue before this Court is whether a district court judge can appoint OIDS to represent indigent individuals seeking relief under the Oklahoma Survivors' Act for noncapital offenses.

¶2 Original jurisdiction is assumed. Okla. Const. art. 7, § 4. This case presents a potential conflict of jurisdiction between this Court and the Court of Criminal Appeals, as the Court of Criminal Appeals normally has exclusive appellate jurisdiction over criminal matters. Id.; Dutton v. City of Midwest City, 2015 OK 51353 P.3d 532Okla. Indigent Def. Sys. v. Hopper, 1993 OK 161867 P.2d 1256publici juris doctrine to assume original jurisdiction in this matter as OIDS has presented to the Court an issue of public interest that warrants an immediate judicial determination as it affects court funding issues in at least 75 counties where OIDS represents indigent defendants. See, e.g., State ex rel. Stuart v. Rapp, 1981 OK 87632 P.2d 388

BACKGROUND AND PROCEDURAL HISTORY

¶3 To effectively address the issues before us, we must understand the scope of the Oklahoma Indigent Defense System Act ("Indigent Defense Act"), codified at 22 O.S. §§ 1355et seq., and the Oklahoma Survivors' Act ("Survivors' Act"), codified at 22 O.S. §§ 1901.1 et seq.

¶4 On July 1, 1991, the Indigent Defense Act became law, providing OIDS its mandate and obligation to indigent defendants. The extent of OIDS's obligation is to defend indigent individuals, in accordance with the provisions of the Indigent Defense Act, "in all capital and felony cases and in all misdemeanor and traffic cases punishable by incarceration." 22 O.S.2021, § 1355.622 O.S.2021, § 1360

¶5 On May 21, 2024, the Survivors' Act became law. The Survivors' Act allows persons who have been convicted of a crime to seek resentencing if they were the victims of domestic violence and can meet certain evidentiary standards. 22 O.S. Supp. 2024, § 1090.522 O.S. Supp. 2024, § 1090.5

¶6 In 2008, the State of Oklahoma charged Albright with escape from a penal institution and the unauthorized use of a motor vehicle, both noncapital offenses. OIDS represented Albright in the district court matters, and Albright entered a guilty plea in each case. The district court sentenced Albright to a 20-year term of incarceration in each case, to run concurrently with each other.

¶7 On December 2, 2024, Albright filed a request in the district court to apply for resentencing in both criminal cases. On December 12, 2024, the district court entered a notice regarding the Survivors' Act, determining that Albright satisfied the requirements to seek resentencing. Albright then requested legal representation, and the district court appointed OIDS to represent him. On January 14, 2025, OIDS filed a motion to vacate representation, which the district court denied. OIDS initiated this original proceeding.

¶8 OIDS argues here that 22 O.S.2021, § 1360See 22 O.S.2021, § 1360

¶9 In response, Judge Crites argues that § 1360(B) must be harmonized with other relevant statutory provisions. He asserts that the specific authorization for representation found in 22 O.S.2021, § 1355.6

ANALYSIS

¶10 Title 22 O.S.2021, § 1355.6

B. In noncapital cases, the System shall not be appointed to represent indigents in proceedings for postconviction relief; provided, however, the System may represent indigents in postconviction proceedings if the representation is related to another pending case in which the System has been appointed, or the proceeding is necessary to obtain an appeal out of time on behalf of a System client in a case to which the System has been properly appointed.

22 O.S.2021, § 1360

¶11 Sections 1355.6(A) and 1360(B) read together indicate that OIDS is obligated to represent all indigent defendants at trial and on direct appeal but is explicitly prohibited from representing them in postconviction proceedings for noncapital cases. See, e.g., Hopper, 1993 OK 161Berget v. State, 1995 OK CR 66907 P.2d 1078

¶12 Judge Crites argues that § 1360(B)'s prohibition does not apply to this case because resentencing under the Survivors' Act should not be considered postconviction relief. Under the Survivors' Act, a sentencing hearing is defined as "a postconviction hearing in which the defendant is brought before the court for imposition of a sentence." 22 O.S. Supp. 2024, § 1090.2

¶13 Judge Crites also contends that the specific authorization for representation found in 22 O.S.2021, § 1355.6required by either the Constitution or laws of this state by attorneys employed by [OIDS]." 22 O.S.2021, § 1355.6requires representation. The Survivors' Act states that the district court may appoint an attorney to assist in the preparation of and proceedings for resentencing. 22 O.S. Supp. 2024, § 1090.5

¶14 The Legislature also uses the term "attorney" in the Survivors' Act, not "OIDS" or representation through the "System." The Legislature has consistently used terms like "OIDS" or "System" when such representation applies. In other words, the Legislature knows how to differentiate between representation by OIDS and some other form of legal representation. Compare 22 O.S. Supp. 2024, § 1090.5 and 22 O.S.2021, § 1082with 22 O.S.2021, § 1355.6

¶15 Judge Crites asserts, in the alternative, that representation in this specific case falls under the exception to the prohibition found in § 1360(B), because OIDS was appointed to represent Albright in the original cases for which he is now seeking resentencing. The exception found at § 1360(B) applies only when "the representation is related to another pending case in which the System has been appointed." 22 O.S.2021, § 1360

CONCLUSION

¶16 The district court lacks authority to appoint OIDS for Survivors' Act relief when an indigent defendant is seeking resentencing for a noncapital offense. OIDS is restricted from engaging in activities that exceed the Legislative mandate and authority of the agency. Here, Albright is seeking relief under the Survivors' Act for noncapital offenses and allowing representation by OIDS would exceed its statutory authority. Tubbs v State ex rel. Teachers' Ret. Sys. of Okla., 2002 OK 7957 P.3d 571

ORIGINAL JURISDICTION ASSUMED;
WRIT OF PROHIBITION GRANTED.

ALL JUSTICES CONCUR. 

FOOTNOTES

22 O.S.2021, § 1355.6

The [OIDS] Board shall have the authority to provide for representation for indigent criminal defendants and others for whom representation is required by either the Constitution or laws of this state by attorneys employed by the System.

22 O.S.2021, § 1355.6

A. The Indigent Defense System shall have the responsibility of defending all indigents, as determined in accordance with the provisions of the Indigent Defense Act in all capital and felony cases and in all misdemeanor and traffic cases punishable by incarceration.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105