**John Earl SHIPMAN, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–321.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1991.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, John Earl Shipman Jr., was tried by a jury for three counts of Lewd Molestation, in violation of 21 O.S.Supp. 1983, § 1123, in the District Court of Muskogee County in Case No. CRF–84–134.

The jury found appellant guilty of Count I only, and assessed punishment at eight (8) years imprisonment. He was acquitted on the remaining counts. The trial court entered its judgment and sentence in accordance with the jury's verdict. From this judgment and sentence, appellant has perfected his appeal to this court.

On or about March 25, 1984, appellant moved into the Simpson residence at the request of Mr. Simpson, who was in the hospital recovering from a heart attack. During the time that the appellant was at the Simpson residence, numerous other people were also living there. At trial, several of these people testified that appellant had molested three and one half year old H.H. on various occasions during his stay. The testimony at trial was largely confusing and contradictory. Several witness's versions of the events changed from the preliminary hearing to the trial and some witnesses who supposedly had seen the same incident gave considerably different stories of what they had seen. One witness originally claimed that someone other than the appellant had molested H.H. In addition, the child's mother testified that H.H. had indicated that someone other than the appellant had molested her. Officer Pittman testified that when she was called to investigate, someone other than the appellant was claimed to have molested the child.

Appellant raises for our consideration eight assignments of error. However, insofar as we have found his second assignment of error to be grounds for reversal, we decline to address the remaining allegations.

Pursuant to 22 O.S.Supp.1984, § 753, the deposition of H.H. was video taped. Over defense counsel's objection, this video taped deposition was admitted at trial and shown to the jury. In his second assignment of error, appellant asserts that the showing of this video taped deposition to the jury violated his federal and state constitutional rights. He specifically contends that this procedure violated his right to be confronted with the witnesses against him as is guaranteed by the Sixth Amendment to the United States Constitution and Article II, § 20 of the Oklahoma Constitution. He argues that Title 22 O.S.Supp.1984, § 753, which authorizes such procedure is unconstitutional.

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Supreme Court has stated that "it is the literal right to 'confront' the witnesses at the time of trial that forms the core of the values furthered by the Confrontation Clause." *California v. Green*, 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–35, 26 L.Ed.2d 489 (1970). However, the Supreme Court has not held that criminal defendants are guaranteed an absolute right to confront witnesses against them at trial. Under the proper circumstances, the rights conferred by the Confrontation Clause may be outweighed by other important interests. Specifically, the Court has concluded that "a State's interest in the physical and psychological well-being of child abuse victims may be sufficiently important to outweigh, at least in some cases, a defendant's right to face his or her accusers in court." *Maryland v. Craig*, 497 U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). *See also Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988). Both *Craig* and *Coy* involved statutorily authorized procedures where criminal defendants were prohibited from directly confronting the witnesses against them in court.

The statutory provision at issue in *Coy* allowed a screen to be positioned between the witnesses, two thirteen-year-old girls, and the defendant. This screen allowed the defendant to see and hear the witnesses, but prevented the witnesses from seeing the defendant. The Supreme Court's primary concern with the Iowa statute was that it created a presumption that the child witnesses would be traumatized by testifying in Court. "Since there have been no individualized findings that these particular witnesses needed special protection, the judgment here could not be sustained by any conceivable exception [to the Confrontation Clause]." *Coy*, 487 U.S. at 1021, 108 S.Ct. at 2803.

The Supreme Court addressed this issue again in *Craig*. The Maryland statute involved in that case provides that testimony of a child victim can be taken outside the courtroom and shown to the jury in court by means of closed circuit television. However, the statute only authorizes this procedure when "[t]he judge determines that testimony by the child victim in the courtroom will result in the child suffering serious emotional distress such that the child cannot reasonably communicate." Md.Cts. & Jud.Proc.Code Ann. § 9–102(a)(1)(ii). The Supreme Court upheld this statutory procedure as valid finding that:

[I]f the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant.

*Craig*, 497 U.S. at ——, 110 S.Ct. at 3169.

■ The Oklahoma statute in question, 22 O.S.Supp.1984, § 753, makes it discretionary with the trial judge whether or not to allow video taped testimony of a child during trial. While this statute does not make the presumption, as did the provision held unconstitutional in *Coy*, that special procedures are always authorized, it does not give guidelines for determining when such procedures are warranted. Thus, the trial judge must take precautions to insure that this statute is applied in a way that preserves the constitutional rights of a defendant. This can be accomplished by following the requirements set forth in *Craig* and *Coy*. Therefore, we find 22 O.S.Supp. 1984, § 753 to be constitutional on its face and adopt the procedural requirements set forth in *Craig* and *Coy* to ensure that the provisions of section 753 are applied in a consistent constitutional manner.

■ In *Craig*, the Supreme Court set forth three requirements that a trial judge must follow in order to make the requisite finding of necessity which precedes the application of special procedures such as those provided for in Section 753. This finding must be made on a case by case basis. First, the Court held that in each case "the trial court must hear evidence and determine whether use of the ... procedure is necessary to protect the welfare of the particular child witness who seeks to testify." *Craig*, 497 U.S. at ——, 110 S.Ct. at 3169. Second, "[t]he trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant." *Id*. Third, "the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than *de minimis*, i.e., more than 'mere nervousness or excitement or some reluctance to testify.' " *Id*.

■ The Court also indicated that although the special procedure is used, other measures should be taken to ensure "the reliability of the evidence by subjecting it to rigorous adversarial testing ... thereby preserv[ing] the essence of effective confrontation." *Craig*, 497 U.S. at ——, 110 S.Ct. at 3170. The Court found it significant in *Craig* that "Maryland's procedure preserves all of the other elements of the confrontation right: the child witness must be competent to testify and must testify under oath; the defendant retains full opportunity for contemporaneous cross-examination; and the judge, jury, and defendant are able to view ... the demeanor of the witness as he or she testifies." *Id*. 497 U.S. at ——, 110 S.Ct. at 3166, 3170. Although Section 753 provides that the defendant's attorney may be present when the child's testimony is taken, other procedures which preserve the confrontation right are not provided. Therefore, we find, as did the Supreme Court in *Craig*, that the essence of effective confrontation should be sustained through the preservation of other elements of the confrontation right.

■ In the present case, the trial court, contrary to the requirements set forth in *Craig* and *Coy*, held no hearing to determine whether the video taped testimony was necessary to protect the child from being traumatized. Further, the video taped testimony was allowed into evidence despite the fact that the child had been found incompetent to testify and was not able to give an oath. Accordingly, we find that 22 O.S.Supp.1984, § 753 was unconsti-

tutionally applied in this case; appellant was effectively deprived of his constitutional right to confront the witnesses against him.

Insofar as we have found that the appellant was denied his rights under the Confrontation Clause, we must next determine whether this violation constituted harmless error. An assessment of harmless error must be made by looking at all of the testimony, save that of the child, that was heard at trial. *See Coy,* 487 U.S. at 1021, 108 S.Ct. at 2803. The Supreme Court held in *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that where there is constitutional error, if the prosecution can prove beyond a reasonable doubt that the error did not contribute to the verdict, the conviction may stand.

The State has not argued that any constitutional error in this case would be harmless, nor could we find it to be so even if they had. As our recitation of the facts indicates, a large part of the testimony at trial was confused and contradictory. Witnesses gave varying accounts of what had happened. The child's mother even testified that the child had not been consistent in her description of events that transpired. Because it is not clear that the jurors would have found the appellant guilty even in the absence of the video taped testimony, we cannot find that this error was harmless.

In light of the foregoing, we cannot find that 22 O.S.Supp.1984, § 753 is unconstitutional on its face. However, we do find that the application of Section 753 in this case did violate the appellant's Constitutional right to confront witnesses against him. Upon finding that such error was not harmless, we must REVERSE and REMAND this case for a new trial.

LANE, P.J., and PARKS and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., specially concurs.

LUMPKIN, Vice Presiding Judge: Specially Concurring.

I concur in the Court's decision in this case and agree that 22 O.S.Supp.1984, § 753, is constitutional on its face but must be applied in accordance with the procedural requirements set forth in *Maryland v. Craig,* 497 U.S. ——, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), and *Coy v. Iowa,* 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), to pass constitutional review. The U.S. Supreme Court determined that it is the special procedure itself that ensures the reliability of this type of evidence and allows it to be admitted. *See Craig,* 497 U.S. at ——, 110 S.Ct. at 3169, 111 L.Ed.2d at 686. To ensure a complete record which will expedite review on appeal I feel the Court should direct, or at least encourage, the trial judge to prepare a written order at the completion of the hearing which sets forth findings of fact and conclusions of law supporting the decision to allow the recorded testimony to be admitted pursuant to Section 753.