United States Court of Appeals,

Fifth Circuit.

No. 95-60780

Summary Calendar.

DOLE OCEAN LINER EXPRESS, Plaintiff-Appellee,

v.

GEORGIA VEGETABLE COMPANY, Defendant-Appellant.

June 6, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal of a district court's reversal of an arbitration panel's decision. There is no question that Dole breached its contract with Georgia Vegetable. Pursuant to that contract, Georgia Vegetable requested arbitration of its loss. The arbitration panel awarded Georgia Vegetable damages in excess of the amount provided for in the liquidated damages clause in the contract. The district court found that the arbitration panel exceeded its authority under the contract and reversed the arbitration panel decision. The court reduced the damages to an amount equal to the liquidated damages provision. Believing that the arbitration panel did not exceed its authority to interpret the contract, we reverse the district court.

Dole agreed to provide Georgia Vegetable with 40 foot containers and to transport those containers. Georgia Vegetable was the marketing manager for Manprosa, a Nicaraguan company.

1

Manprosa owned the onions being shipped and Georgia Vegetable received commissions for the sale of the onions in America. The perishable goods were to be transported aboard Dole's vessels from a port in Nicaragua to America. The contract provided for a minimum number of containers and a price per container. Georgia Vegetable contracted for a total of 170 containers from Dole. Dole shipped only 12. Through another carrier Georgia Vegetable was able to arrange the shipment of 96 containers.[1] However, despite Georgia Vegetable's best efforts, 62 containers of onions were never shipped, and the goods perished at the port.

Georgia Vegetable invoked the arbitration clause of the contract and sought recovery of its expectancy damages for Dole's breach.[2] The arbitration panel threw out the liquidated damages clause and awarded Georgia Vegetable $114,506.56, the value of its lost commissions, and awarded Manprosa $550,606.50 for its loss.[3] The basis for the arbitration panel's decision was as follows,

> Faced with a rather severe container shortage, it would appear that Dole made the business decision to maximize the utilization of the available containers by restricting their dispersal to other countries, i.e., Nicaragua. This policy worked successfully for their ships operated at very close to maximum capacity, principally with [Dole's] proprietary cargo.

[1]The parties have settled the claim on 93 of the containers shipped on other carriers pursuant to the liquidated damages clause of the contract. Dole paid $46,500, the maximum permitted under the contract.

[2]The arbitration clause of the contract, section 14.4, provides in pertinent part that, "[a]ny dispute, controversy or claim, arising out of or relating to this Contract or a breach thereof, shall be finally resolved by arbitration."

[3]The total amount awarded was reduced by $14,000 due Dole for unpaid freight.

[Dole,] after initial shipments, abandoned their contractual obligations to [Georgia Vegetable] without sufficient or adequate notification and having aborted by abandonment the contract, [Dole] cannot seek protection under it.

The liquidated damages provision served its purpose, as intended, to cover the additional expenses incurred on the containers shipped via other carriers at higher expense. The $500.00 per container provision in no way meets the requirements of just and reasonable compensation for the loss of approximately $10,728 per container not shipped on account of abandonment of the contractual obligations to carry this perishable commodity. It has been established that carriers may not limit liability when possible causes could reasonably be known to them.

The district court reversed the arbitration panel's decision because it "exceeded "the express limitations of [the] contractual mandate' by awarding $10,727.63 per container for a total of $665,113.06—rather than $500 per container for a total of $31,000 (less $14,000 in undisputed unpaid freight)." Dist. Ct. Memorandum Order p. 7.[4]

We review the district court's decision de novo. Our review of the arbitrator's award itself is very deferential, and we should

---

[4]The liquidated damages provision, section 7.2 of the contract, provided,

> In the event that [Dole] shall fail to transport containers duly tendered by [Georgia Vegetable] pursuant to this Contract, to the extent that [Georgia Vegetable] must and does transport such containers on alternative ocean carrier's vessels, [Dole] shall pay to [Georgia Vegetable] a sum equal to the amount such alternative carrier's rates exceed the Base Rates of [Dole]; provided however that such sum shall in no event exceed $500.00 per container. In the event that [Georgia Vegetable,] after due diligence, is unable to ship on an alternative carrier, then providing [Georgia Vegetable] exercised due diligence to locate and ship on an alternative carrier, [Dole] shall pay to [Georgia Vegetable] US$500.00 for each container not shipped by [Dole] after duly tendered by [Georgia Vegetable].

3

set aside that decision only in narrow circumstances.[5]  As we said in *Gateway Technologies,* the award "shall not be vacated unless: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators;  (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties;  or (4) the arbitrators exceeded their powers."[6]  Dole argues, and the district court found, that the arbitration panel exceeded its power in awarding damages in excess of the liquidated damages provision in the contract.

The contract provided that the arbitration panel was to interpret the contract in accordance with the "procedural and substantive laws of the Maritime Law of the United States and, to the extent possible, the State of Mississippi."  The determination of whether a liquidated damages clause is enforceable is made by application of a legal standard to the evidence.[7]  In Mississippi, liquidated damages provisions are not enforceable if they are not a reasonable pre-estimation of damages.[8]  The arbitration panel determined that the $500.00 per container liquidated damage

---

[5]*First Options of Chicago, Inc. v. Kaplan,* --- U.S. ----, ----, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995).

[6]*Gateway Technologies, Inc. v. MCI Telecommunications Corp.,* 64 F.3d 993, 996 (5th Cir.1995);  9 U.S.C. § 10(a).

[7]*See Farmers Export Co. v. M/V Georgis Prois, Etc.,* 799 F.2d 159, 162 (5th Cir.1986).

[8]*Varner v. Varner,* 666 So.2d 493, 496 (Miss.1995);  *Board of Trustees of State Institutions of Higher Learning v. Johnson,* 507 So.2d 887, 890 (Miss.1987).

4

provision "in no way meets the requirements of just and reasonable compensation for the loss ..."[9]

Whatever our belief about the enforceability of the liquidated damages clause may be, it is clear that the arbitration panel had the power to determine that it was not a reasonable pre-estimate of damages and therefore void.[10] Because the determination of whether the liquidated damages provision was legally enforceable was left to the arbitration panel under the contract, the arbitration panel did not "exceed their powers" by finding, as a matter of law, that it was void.

Dole believes our opinion in *Delta Queen Steamboat*[11] controls the disposition of this case and requires a different result. In *Delta Queen Steamboat,* we held that "arbitral action contrary to express contractual provisions will not be respected."[12] The arbitrator there lacked authority to order reinstatement of a pilot found to be grossly careless. In this case, however, the arbitration panel had the *legal power* to find the liquidated damages clause void. Once done, there was no contractual provision which the arbitration panel had to follow to determine Georgia

---

[9]Arbitration Panel op. p. 6.

[10]*See Farmers Export,* 799 F.2d at 162; *Varner,* 666 So.2d at 496; *Johnson,* 507 So.2d at 890.

[11]*Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n.,* 889 F.2d 599 (5th Cir.1989), *cert. denied,* 498 U.S. 853, 111 S.Ct. 148, 112 L.Ed.2d 114 (1990).

[12]*Id.* at 604.

5

Vegetable's loss.[13]  The district court's and Dole's reliance on *Delta Queen* was misplaced.

Finally, Dole asserts the arbitration panel exceeded its authority in ordering payment to Manprosa, a third party.  As a part of its decision, the arbitration panel awarded a portion of the losses to Manprosa, the grower of the onions in Nicaragua. Dole asserts it has been forced to arbitrate its dispute with Manprosa without any contractual duty to do so.  We disagree.

In determining whether the arbitration panel exceeded its jurisdiction, we resolve all doubts in favor of arbitration.[14] There is no question that Georgia Vegetable had the right to seek damages on behalf of Manprosa as its agent.[15]  Manprosa *explicitly* authorized Georgia Vegetable to handle any type of litigation concerning the onions, "in its own name just as if it were owners of said onions."[16]  "A person with whom an agent makes a contract

---

[13]We note, however, that Georgia Vegetable is still limited in its recovery to only damages submitted to the arbitration panel.  *Compare Valentine Sugars, Inc. v. Donau Corp.,* 981 F.2d 210, 213 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 3039, 125 L.Ed.2d 725 (1993) (broad arbitration provision permitted resolution of issues presented to arbitrator), and *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc.,* 607 F.2d 649, 651 (5th Cir.1979) (where party expressly stated issue was not before arbitrator and other party relied on representation then issue could not be decided by arbitrator).

[14]*Valentine Sugars,* 981 F.2d at 213.

[15]Dole asserts on appeal that the arbitration panel misread the applicable contract between Manprosa and Georgia Vegetable. As the agreement is not in the record, we have deferred to the arbitration panel's factual determination of the contract's scope.

[16]Arbitration Panel op. p. 2-3.

6

on behalf of a principal is subject to liability in an action brought thereon by the agent in his own name on behalf of the principal if the agent is a party promisee."[17]  Furthermore, the contract between Dole and Georgia Vegetable required the arbitration of "[a]ny dispute, controversy or claim, arising out of or relating to [the] contract or a breach thereof...."[18]  From Dole's perspective, the two entities were one for purposes of recovering under the contract.  Because Georgia Vegetable was free to sue Dole on behalf of Manprosa, we believe it was entitled to also seek arbitration.[19]

Any error which occurred concerned not whether Dole had to pay the damages, but rather to whom the damages should be paid. Because the arbitration was between Dole and Georgia Vegetable, the entire amount should have been awarded to Georgia Vegetable.  For purposes of Dole's agreement with Georgia Vegetable, Georgia Vegetable was the owner of the perishable goods.  Dole was not forced to arbitrate a dispute with Manprosa.  Dole was only forced

---

[17]Restatement (Second) of Agency § 364 (1958);  *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.,* 630 F.2d 250, 258 (5th Cir.1980), *reh'g denied,* 634 F.2d 1355 (5th Cir.1980);  *Forest Oil Corp. v. Tenneco, Inc.,* 626 F.Supp. 917, 921-22 (S.D.Miss.1986).

[18]§ 14.4 of the Contract.

[19]As evidence that Dole is being forced to arbitrate the case with Manprosa, Dole asserts that it refused to permit Manprosa to be a signatory of the contract.  Dole Brief, p. 18 n. 12;  Arbitration Panel op. p. 3.  However, the mere fact that Dole insisted it deal with Manprosa's agent and not Manprosa does not support such a contention.  Dole was aware that Georgia Vegetable was Manprosa's agent, and as such should have been aware that Manprosa's agent would enforce the contract on behalf of the principal.

to pay an amount due to Georgia Vegetable, and by it to a third party.  Because Georgia Vegetable does not complain, we find Dole's argument meritless.

The district court is REVERSED, the cause is REMANDED to that court to reinstate the arbitration panel award.