**DOLE OCEAN LINER EXPRESS,**
Plaintiff–Appellee,

v.

**GEORGIA VEGETABLE COMPANY,**
Defendant–Appellant.

No. 95–60780
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1996.

Steven M. Schneebaum, Jeanne Marie Liedtka, Patton Boggs, Washington, DC, for Dole Ocean Liner Express, plaintiff-appellee.

Timothy Dale Crawley, Regina Ann Lightsey, Hopkins, Dodson, Crawley, Bagwell, Up-

---

shaw & Persons, Gulfport, MS, for Georgia Vegetable Company, defendant-appellant.

## ON PETITION FOR REHEARING

Before REAVLEY, SMITH and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

Dole's motion for rehearing is granted. Our original opinion at 84 F.3d 772 is modified as follows:

The arbitration panel awarded losses to Manprosa, the grower of the onions, although the arbitration agreement was between Georgia Vegetable (the marketing manager) and Dole (who was to provide the containers and transport the onions). Dole contended that it had no contractual duty to arbitrate a dispute with Manprosa. We held that Dole was merely arbitrating a dispute with Georgia Vegetable, who Dole knew was Manprosa's agent, under the terms of Dole's agreement with Georgia Vegetable.

On original submission we relied upon the arbitration panel's characterization of the contractual relationship established by the marketing agreement between Georgia Vegetable and Manprosa. Our reliance was due to the absence of the actual marketing agreement in the record. Dole has now filed and we have granted a motion to amend the record to include that agreement.

 While the arbitration panel had broad authority to interpret the contract between Dole and Georgia Vegetable under the terms of their contract, they do not have such extensive authority to interpret the marketing agreement between Georgia Vegetable and Manprosa. However, we do not believe it is our place in the first instance to interpret the marketing agreement and determine whether, as a matter of law, the arbitration panel was incorrect. Therefore, we remand the cause to the district court to resolve that question before proceeding to follow our original direction.

REVERSED AND REMANDED.