IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60885
Summary Calendar
_____

DOLE OCEAN LINER EXPRESS,

                                        Plaintiff-Appellee,

versus

GEORGIA VEGETABLE COMPANY,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:95-CV-407RG
- - - - - - - - - -
January 8, 1998

Before JONES, SMITH, and STEWART, Circuit Judges

PER CURIAM:[*]

Georgia Vegetable Company, Inc. (Georgia Vegetable) appeals the decision of the district court granting summary judgment in favor of Dole Ocean Liner Express (Dole). In <u>Dole Ocean Liner Exp. v. Georgia Vegetable Co.</u>, 93 F.3d 166 (5th Cir. 1996) (<u>Dole II</u>), we remanded the case to the district court to interpret the Marketing Agreement between Georgia Vegetable and Manprosa of Nicaragua and to determine whether the decision of a

_____

[*] Pursuant to 5TH CIR. R. 47.5 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

panel of The Society of Maritime Arbitrators of the New Orleans Board of Trade was correct as a matter of law.

After reviewing the briefs and the record de novo, we conclude that the decision of the district court granting Dole's motion for summary judgment was error.  It is undisputed that Dole solicited Manprosa's business, Manprosa introduced Dole to Georgia Vegetable, and Manprosa delegated authority to negotiate carriage to Georgia Vegetable.  Dole refused to permit Manprosa to become a signatory to the Service Contract between Dole and Georgia Vegetable because of previous difficulties with Nicaraguan shippers.  The arbitration panel held a hearing and considered the Marketing Agreement between Georgia Vegetable and Manprosa, as well as testimony concerning Dole's knowledge of the business relationship between Georgia Vegetable and Manprosa.  The arbitrators determined that Dole should have been aware that Georgia Vegetable would seek to enforce the Service Contract on behalf of Manprosa.  The arbitration panel's decision is "rationally inferable" from the purpose and language of the contract between Georgia Vegetable and Dole and was, therefore, within the scope of its powers.  See Anderman/Smith Co. v. Tenn. Gas Pipeline Co., 918 F.2d 1215, 1218-19 & n.3 (5th Cir. 1990).

We do not revisit the arbitration panel's damage award to Georgia Vegetable.  In Dole Ocean Liner Exp. v. Georgia Vegetable Co., 84 F.3d 772, 774 (5th Cir. 1996) (Dole I), we held that the arbitration panel did not exceed its power in finding, as a matter of law, that the liquidated-damages clause of the contract between Georgia Vegetable and Dole was void and in fashioning the damage

award to Georgia Vegetable.  Because the district court erred in its construction of the Marketing Agreement as inconsistent with the arbitrators' decision, the court exceeded the scope of remand in addressing this issue.  See Burroughs v. FFP Operating Partners, 70 F.3d 31, 33 (5th Cir. 1996).

Accordingly, the judgment of the district court is VACATED and the cause is REMANDED to that court to reinstate the arbitration panel award.

VACATE AND REMAND.