Adam BROUSSARD,

v.

Darcy LEMONS, et al.

No. Civ.A. 98–0261.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Feb. 26, 1999.

Charles Sonnier & Kevin Trahan, Abbeville, LA, representing plaintiff.

Matthew Ungarino & Pierre Legrand, Metairie, LA, representing Colonial Penn Insurance Company.

## DISCOVERY RULING

TYNES, United States Magistrate Judge.

Pending before the court for determination in this personal-injury diversity action is a Motion for Contempt filed by Colonial Penn Insurance Company ("Colonial Penn"),[1] which seeks compliance with a medical rec-

---

1. Record Document No. 29.

ords subpoena which Colonial Penn served on January 15, 1999 on The Louisiana Clinic, a medical facility and non-party to this action, and further seeks court ordered sanctions of $750.00 based on the Clinic's failure to respond to the subpoena.[2] Colonial Penn's subpoena seeks production of color copies of eleven pain diagrams completed by the plaintiff while a patient at The Louisiana Clinic at no cost to Colonial Penn. Colonial Penn seeks production of these color copies at no cost to Colonial Penn contending, without citation of supporting authority, that no payment is required where medical records are made the subject of a federal subpoena. The Louisiana Clinic responded to the subpoena by faxing a letter to Colonial Penn's counsel on January 28, 1999 advising that it would respond to the subpoena upon receipt of payment for the color copies in the amount of $110.00, citing as a basis for the advance payment, the fact that defense counsel's law firm owes The Louisiana Clinic $1,098.06 for past unrelated copy costs, and $900.00 for the November 25, 1998 deposition of Dr. Stephen Flood of The Louisiana Clinic taken relative to this action. The Louisiana Clinic further cites La.R.S. 40:1299.96 as a legal basis for the advance payment request. This Louisiana statute creates a right to obtain a patient's medical records from a health care provider upon presentation of a patient signed authorization and payment of a reasonable copying fee, handling charge and actual postage.

### Federal Procedural Law Governs Discovery Disputes in Diversity Actions

 At the outset, the issue arises whether federal or state law governs this dispute. Clearly, federal law governs this discovery dispute as federal courts sitting in diversity apply the substantive law of the state providing the law of decision while following federal procedural law. *Bartley v. Euclid, Inc.*, 158 F.3d 261, 280 (5th Cir.1998), *citing Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 116 S.Ct. 2211, 2219, 135 L.Ed.2d *659* (1996). Thus, Rule 45 of the Federal Rules of Civil Procedure, which defines subpoena practice in federal courts, governs here.

### Contempt Sanction Not Available Where Person Subpoenaed Timely Objects To Document Subpoena

 Despite the fact that Colonial Penn has labeled it's motion as one for contempt, the terms of F.R.C.P. 45(c)(2)(B) establish that no contempt is available where a subpoenaed person has timely objected to a document subpoena. F.R.C.P. 45(c)(2)(B); *In re The Exxon Valdez*, 142 F.R.D. 380, 384 (D.D.C.Cir.1992), *citing Pennwalt Corp. v. Durand–Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir.1983). Rule 45(c)(2)(B) provides that a person who is served with a subpoena for production or inspection of documents then has fourteen days or before the time specified for compliance, whichever is greater, to serve the party seeking the documents with written objections. If written objections are served, the party seeking documents is not entitled to inspect or copy the materials, except pursuant to an order of the court from which the subpoena was issued. The letter which The Louisiana Clinic faxed to Colonial Penn on January 28, 1999 seeking advance payment for the subpoenaed documents constituted timely objections to the subpoena served on January 15, 1999, for purposes of Rule 45. Following receipt of The Louisiana Clinic's objection letter, the obligation to seek a court order regarding the subpoena shifted to Colonial Penn. See *David D. Siegel, Practice Commentary C45–21, 28 U.S.C.A., Fed.R.Civ.P. 45 ("The servee can shift the burden of making a court application to the party who issued the subpoena, merely by serving written objections on that party.... By serving written objections, the servee suspends its obligation to comply until after the court rules on the seeking party's motion, which would normally be a motion to compel.")* Under the circumstances, the motion for contempt is deemed a motion to compel.[3]

2. The cross motions urged by The Louisiana Clinic within it's opposition will be addressed *infra*.

3. Because contempt is not legally available under the facts presented, and the pending motion has been deemed a motion to compel, the under-

signed magistrate judge concludes that authority to adjudicate the pending motion is vested. See *Castaneda v. Falcon*, 166 F.3d 799, (5th Cir.1999) (recent discussion of magistrate judge's contempt authority). Any objection to the undersigned magistrate judge's exercise of authority here

**398**

### Rule 45(c)(2)(B) Requires Court To Protect Non–Parties From Significant Expense of Inspection and Copying Commanded

▉ Rule 45(c)(2)(B) states that "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Thus, because The Louisiana Clinic is not a party to the underlying lawsuit and has asserted timely objection to the subpoena, the court concludes that it must protect The Louisiana Clinic from significant expense. Although the expense of the eleven color copies subpoenaed here would not likely pose an undue burden to The Louisiana Clinic, the court concludes that it is appropriate to require the seeking party, Colonial Penn, to pay the reasonable costs and expenses of complying with the subpoena. Courts addressing the issue of how the costs of subpoena compliance should be allocated have consistently emphasized that non-parties who have no interest in a litigation should not be required to subsidize the costs of a litigation. See *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982), *cert. denied*, 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1329 (1982); *Linder v. Calero–Portocarrero*, 183 F.R.D. 314 (D.D.C.Cir.1998) *("In addition to keeping nonparties from 'being forced to subsidize an unreasonable share of the costs of litigation to which they were not a party' United States v. Columbia Broadcasting Sys., Inc., supra, Rule 45's mandatory cost-shifting provisions promote the most efficient use of resources in the discovery process. When nonparties are forced to pay the costs of discovery, the requesting party has no incentive to deter it from engaging in fishing expeditions for marginally relevant material. Requesters forced to internalize the costs of discovery will be more inclined to make narrowly-tailored requests reflecting a reasonable balance between the likely relevance of the evidence that will be discovered and the costs of compliance."); In re Letters Rogatory,* 144 F.R.D. 272, 278 (E.D.Pa.1992) *(". . . a witnesses' nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or the producing party.").*

must be asserted by timely appeal to the district

Medical facilities today undoubtedly receive numerous subpoenas and other forms of requests for medical records related to pending litigation. Should the burden of responding to such subpoenas be placed upon the medical facility, the costs of such compliance would certainly be *significant*. For this reason, and for the reasons noted by the courts cited *supra*, this court finds that The Louisiana Clinic should be awarded the reasonable costs and expenses of complying with the subpoena. The court further finds that prepayment of the costs and expenses is warranted under the facts of this case. *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D.Tx.1998), *citing Fed.R.Civ.P. 45(c)(2)(B) advisory committee's note ("The court is not required to fix the costs in advance of production although this will often be the most satisfactory accommodation. . . .")*

### Assessment of Reasonable Costs

▉ Although La.R.S. 40:1299.96 is not dispositive, it does provide guidance in the assessment of reasonable costs. Said statute provides that $1.00 per page is a reasonable copying charge for the first twenty five pages requested, supplemented by a handling charge and actual postage. The statute does not, however, define a reasonable charge for color copies. Given the prevailing market prices of color copies provided by copy companies, i.e. a $1.49 per page @ Kinko's and $2.25 per page @ Law Copy, and increasing the charge somewhat to accommodate the fact that medical facilities are not in business to make copies and yet must maintain personnel and equipment to handle this responsibility, this court finds that $3.00 per page for color copies, plus a $10.00 handling charge and actual postage costs constitutes reasonable compensation for compliance with the subpoena. **In sum, Colonial Penn's motion to compel is GRANTED, to the extent that it is ordered that Colonial Penn forward advance payment of $43.00 plus postage costs to The Louisiana Clinic for the eleven color copies sought by the subpoena, following which The Louisiana Clinic shall produce said copies within seven days following receipt.**

judge.

The cross motions urged by The Louisiana Clinic for payment from Colonial Penn of copying costs unrelated to this litigation, and for payment of an outstanding balance of $900.00 for Dr. Stephen Flood's deposition are DENIED. The dispute between defense counsel's law firm and The Louisiana Clinic is not an issue in this litigation, and would not be properly joined as an issue here in any event as it does not arise out of the same events. With regard to Dr. Flood's outstanding deposition fee, Rule 26(b)(4)(C) does authorize this court to assess expert fees. However, because the memoranda submitted by The Louisiana Clinic does not cite pertinent federal authorities and jurisprudence, the court declines to address the issue at this juncture. The Louisiana Clinic may file an appropriate motion for assessment of an expert deposition fee under Rule 26(b)(4)(C), and memorandum in support, if it is so inclined.

The Clerk of Court shall fax notice of this order to counsel, Pierre LeGrand, and to in-house counsel for The Louisiana Clinic, G. Wade Wootan, (504) 896–3870(fax), 3715 Prytania Street, Suite 403, New Orleans, Louisiana 70115. Other counsel may be noticed by regular mail.