2001 OK 4

Rebecca S. YOUNG, C.S.R., d/b/a Verbatim Reporters, and Proof Positive, Inc., Plaintiffs/Appellants,

v.

Robert H. MACY, as District Attorney of Oklahoma County, Defendant/Appellee,

and

The Court Fund of Oklahoma County, Defendant.

No. 93,988.

Supreme Court of Oklahoma.

Jan. 16, 2001.

As Corrected Jan. 23, 2001.

Lana Cohlmia and R. Robyn Assaf, Oklahoma City, for appellants.

Robert H. Macy, Oklahoma County District Attorney, John M. Jacobsen, Assistant District Attorney, Oklahoma City, Oklahoma, for appellee.

BOUDREAU, Justice.

¶1 The issue presented in this case is whether the District Attorney (DA) who subpoenaed a child to testify on behalf of the government in a criminal prosecution must pay the additional expense incurred when the child testified outside the presence of the defendant pursuant to a court order obtained under 22 O.S.1991, § 753. We hold that the DA who subpoenaed the child to testify is responsible for payment of this expense.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 The DA subpoenaed a twelve-year-old child to testify for the government in a criminal prosecution that involved an alleged felony offense committed against another child.[1] Under such circumstances, Oklahoma law empowers the trial court to employ special procedures to protect the child from the trauma of testifying in the presence of the defendant. Under 22 O.S.1991, § 753, the trial court may order that the child's testimony be taken outside the presence of the defendant and shown in the courtroom either by closed-circuit television or by pre-recorded video deposition.[2]

---

1. The criminal case is *State of Oklahoma v. Charles Greer Powell*, No. CF–97–5290, in the District Court of Oklahoma County, Oklahoma.

2. The trial court may order, on motion of the child witness, on motion of the attorney for any party, or on its own motion, that the child's testimony be taken in a room other than the courtroom and be televised by closed-circuit equipment in the courtroom. 22 O.S.1991, § 753(B). Alternatively, the trial court may order that the child's testimony be taken outside the courtroom and be recorded for showing in the courtroom later. 22 O.S.1991, § 753(C).

¶ 3 Prior to ordering a special procedure under § 753, however, the trial court must take evidence and make the following findings: first, that the use of the special procedure is necessary to protect the welfare of the particular child witness; second, that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant; and third, that the emotional distress suffered by the child witness in the presence of the defendant is more than *de minimus*, *i.e.*, more than mere nervousness or excitement or some reluctance to testify. *Shipman v. State*, 1991 OK CR 93, 816 P.2d 571, 574. In addition, the trial court must preserve the essence of the defendant's right to confront the witness by ensuring that the child is competent to testify, that the child testifies under oath, that the defendant retains the full opportunity for contemporaneous cross-examination, and that the judge, jury and defendant are able to view the demeanor of the child as he or she testifies. *Id.*

¶ 4 In this case, the parents of the subpoenaed child retained an attorney who sought an order allowing the child to testify outside the presence of the defendant pursuant to 22 O.S.1991, § 753(C). After a hearing, the trial court made the necessary factual findings and issued its order granting the child's motion. The child's attorney then arranged for Appellants to record, transcribe and videotape the child's testimony. Appellants charged $429.50 and $235.00, respectively, for their services.

¶ 5 Appellants first sought payment from the Court Fund of Oklahoma County (Court Fund).[3] The Court Fund declined to pay the expense.[4] The Court Fund suggested Appellants seek payment from the DA.

The DA, however, also declined to pay. Appellants then commenced this civil action against the DA.[5] Appellants alleged that the DA is responsible for payment for their services since the DA is the party who subpoenaed the child. The trial court disagreed, and granted summary judgment in favor of the DA. This appeal followed.

## II.

### MOTION TO DISMISS THE APPEAL

¶ 6 The DA moved to dismiss this appeal. By order dated January 25, 2000, we deferred consideration of the DA's motion to the decisional stage.

¶ 7 In seeking to dismiss this appeal, the DA argues that Appellants are actually seeking to secure appellate review of the decision of the Court Fund denying their claim. Relying on *Court Fund of Tulsa County v. Cook*, 1976 OK 180, 557 P.2d 875, the DA argues the Court Fund's decision is entitled to the same presumption of correctness as a judgment and is similarly immune from collateral attack. The DA asserts that the only correct process available to the aggrieved Appellants was an original action in this Court for mandamus.

¶ 8 Although *Cook* does stand for the proposition asserted, *Cook* is inapposite to this case. Here, Appellants are not seeking appellate review of the decision of the Court Fund denying their claim. Rather, they are seeking appellate review of an order of the trial court determining that the DA is not responsible for payment for their services. Since the trial court's order did not adjudicate the liability of the Court Fund, *Cook* is not applicable and this appeal is proper. We

---

3. Upon an application by the attorney for the child, the district court signed an order in the criminal action, directing the Court Fund to pay Appellants. However, in no instance is the Court Fund subject to suit in district court. *Court Fund of Tulsa County v. Cook*, 1976 OK 180, 557 P.2d 875. Claims against the Court Fund must be presented to the Court Fund Board. *Board of Law Library Trustees of Oklahoma County v. Petuskey*, 1991 OK 122, 825 P.2d 1285. Accordingly, the order signed by the district court was not effective as against the Court Fund.

4. The Court Fund relied on 20 O.S. § 1304 for its decision not to pay Appellants' expense. This statute authorizes the payment of certain expenses out of the Court Fund, but the statute defines the term "expenses" to include specific items listed in § 1304(b) *"and none others."* (emphasis added). Because the Court Fund's decision is not before us, we express no opinion on the Court Fund's argument.

5. Appellants initially named the Court Fund as a second defendant, but later dismissed it without prejudice.

deny the DA's motion to dismiss and turn to the merits.

## III.

## STANDARD OF REVIEW

■ ¶ 9 Since a summary judgment disposes solely of issues of law we review it *de novo*. *Manley v. Brown*, 1999 OK 79, 989 P.2d 448, 455. In a *de novo* review we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law. *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, 859 P.2d 1081, 1084.

## IV.

## ANALYSIS

■ ¶ 10 Title 22, Section 753 of the Oklahoma Statutes empowers a trial court under certain circumstances to order that the testimony of a child be taken outside the presence of the defendant.[6] However, the statute fails to declare who is responsible for payment of any expense incurred as a result of ordering such a special procedure. Because § 753 is silent on the issue of expense, we must search other applicable statutes to determine if the Legislature expressed its intent elsewhere.

¶ 11 In the search to determine whether the Legislature has expressed its intent relating to who is responsible for payment of the expense associated with taking the testimony of a child outside the presence of the defendant pursuant to 22 O.S.1991, § 753, we first turn to 22 O.S.1997, § 712, which is the statute that governs service of subpoenas in criminal proceedings. Section 712(A) provides that "[s]ervice of subpoenas for witnesses in criminal actions ... shall be made

in the same manner as in civil actions pursuant to Section 2004.1 of Title 12 of the Oklahoma Statutes."

¶ 12 Since § 712(A) incorporates 12 O.S. § 2004.1, we now turn to that statute.[7] Title 12, Subsection 2004.1(C), added in 1993, sets out a number of protections for persons who are subject to subpoenas. Subsection 2004.1(C)(1) expressly places a duty upon the party or attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

■ ¶ 13 Oklahoma case law offers little guidance regarding the application and interpretation of this duty. However, since § 2004.1(C)(1) is taken from Rule 45(C)(1) of the Federal Rules of Civil Procedure, we may look to decisions from the federal courts for guidance in applying and interpreting the duty.[8] Federal decisions inform us that the duty to avoid undue burden or expense on a person subject to a subpoena exists in all situations—and that the duty is higher when the subpoena is directed to a non-party. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998); *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 927 (8th Cir.1999); *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed.Cir.1993). Moreover, the duty may require the party issuing the subpoena to pay any undue expense associated with complying with the subpoena, since non-parties should not be required to subsidize the cost of litigation. *Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D.La.1999);[9] 9 Moore's Federal Practice ¶ 45.04[1] (3d ed.1997).

¶ 14 In this case, the duty defined in 12 O.S.1993, § 2004.1(C)(1) is operative only if

---

**6.** See ¶¶ 2–3, *supra.*, for a discussion of the prerequisites for entering such an order.

**7.** Section 2004.1 is part of the Oklahoma Pleading Code. The Oklahoma Pleading Code is codified at 12 O.S. §§ 2001, *et seq.*

**8.** The Introductory Committee Comment to the Oklahoma Pleading Code notes: "In order to take fullest advantage of the case law interpreting the Federal Rules and Advisory Notes, the Oklahoma Pleading Code tracks the Federal

Rules closely. Where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code, the construction placed on it by federal and state courts should be presumed to have been adopted as well. *See Laubach v. Morgan*, 588 P.2d 1071, 1073 (Okla.1978); *Baker v. Knott*, 494 P.2d 302, 304 (Okla.1972)."

**9.** In *Broussard*, the trial court required the issuing party to prepay the undue expense.

the expense associated with taking the testimony of the child outside the presence of the defendant constitutes an "undue" expense for the subpoenaed child. If the expense constitutes an undue expense, then § 2004.1(C)(1) requires the DA who issued the subpoena to take reasonable steps to avoid imposing that expense on the child.

¶ 15 The word "undue" is defined as: "exceeding what is appropriate or normal; excessive." *American Heritage Dictionary* 1319 (3d ed.1991). In our view, the disputed expense falls within the definition of "undue" with respect to the subpoenaed child. To protect the child from the trauma of testifying in the presence of the defendant, the trial court ordered that her testimony be recorded on videotape outside the courtroom. The cost of recording, transcribing and videotaping the testimony amounted to $664.50. This is not the kind of expense that is routinely or normally absorbed by a non-party witness who is subject to a subpoena. It far exceeds the normal expense incurred by other witnesses who must comply with a subpoena ad testificandum.

¶ 16 Since the disputed expense was an undue expense with respect to the subpoenaed child, the DA was under an obligation to take reasonable steps to avoid imposing the expense on the child. The record indicates the DA failed to take any steps to avoid imposing the expense on the child, but instead merely denied he was responsible for payment. In our view, reasonable steps in this instance would have required the DA to pay the disputed expense associated with complying with the subpoena.

## V.

## CONCLUSION

¶ 17 We conclude that the expense associated with taking testimony of a child outside the presence of the defendant, pursuant to 22 O.S.1991, § 753, is an undue expense that should not be borne by the child who is subject to the subpoena. We further conclude that the duty placed on the DA by 12 O.S.1993, § 2004.1(C)(1)—to take reasonable steps to avoid imposing that expense on the subpoenaed child—requires the DA to pay

the expense associated with complying with the subpoena. Accordingly, we vacate the opinion of the Court of Civil Appeals, reverse the trial court's judgment in favor of the DA, and remand with instructions to enter judgment in favor of the Appellants against the DA.

CERTIORARI PREVIOUSLY GRANTED; MOTION TO DISMISS THE APPEAL DENIED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT REVERSED; CAUSE REMANDED WITH DIRECTIONS.

WATT, V.C.J., HODGES, LAVENDER, KAUGER, SUMMERS, and WINCHESTER, JJ., concur.

OPALA, JJ., concurs in judgment.

HARGRAVE, C.J., dissents.