2006 OK CIV APP 3

**Kyle POFF, Plaintiff/Appellant,**

v.

**OKLAHOMA FARMERS UNION MUTUAL INSURANCE COMPANY, Defendant/Appellee.**

No. 101,908.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 13, 2005.

Joseph T. Acquaviva, Jr., Barbara K. Buratti, Wilson, Cain & Acquaviva, Oklahoma City, OK, for Appellant.

David B. Donchin, Amy L. Alden, Durbin, Larimore & Bialick, P.C., Oklahoma City, OK, for Appellee.

Opinion by JANE P. WISEMAN, Judge.

¶ 1 Plaintiff, Kyle Poff, appeals the trial court's grant of summary judgment in favor of defendant, Oklahoma Farmers Union Mutual Insurance Company (Insurer). For the following reasons, we affirm.

## UNDISPUTED FACTS

¶ 2 Plaintiff was a longtime policyholder of Insurer. In April 2002, Insurer sent Plaintiff a standard renewal notice, informing him that his automobile insurance policy was set to expire at 12:01 a.m. on May 28, 2002. Plaintiff did not timely respond and did not pay the premium before the policy expired.

¶ 3 On June 6, 2002, Plaintiff's car, while being driven by his roommate, was involved in an accident. Later that day, Plaintiff contacted an agent for Insurer about paying his insurance premium for the car. Plaintiff was told he could pay his premium at Insurer's home office. Plaintiff went to the office and wrote Insurer a check for the premium. Insurer issued a receipt indicating Plaintiff purchased the policy at 4:40 p.m. Plaintiff did not tell Insurer or its agent that his car had just been damaged in an accident.·

¶ 4 The next day, Plaintiff contacted Insurer to report the accident and make a claim under the policy. A few days later, Plaintiff received his new policy, which stated coverage had begun at 12:01 a.m. on June 6, 2002.

¶ 5 Insurer investigated Plaintiff's claim. Plaintiff initially stated the accident occurred a little after 5:00 p.m. and gave a sworn statement to Insurer stating he had been driving at the time of the accident. The investigating police·officer stated he was notified of the accident around 3:35 or 3:40 in the afternoon, and put 15:40, or 3:40 p.m., as the time entry on his "Report of Accident Call." The wrecker service report shows 15:41 as the time the call for service was received. Plaintiff agrees in his July 2002 deposition that these two documents probably reflect "the right time" and in his November 2004 deposition that these times are accurate. These events occurred prior to the purchase of insurance at 4:40 p.m. In his November 2004 deposition, Plaintiff recants his earlier statement regarding the 5:00 p.m. accident time and him being the driver; he also admits in this deposition that his previous sworn statement about how the accident happened was a lie and that his July 2002 deposition testimony about the accident's occurrence and his involvement in it was falsified "[t]o remain consistent with the police officer's report."

¶ 6 Concluding that Plaintiff contacted it and paid for his policy after the accident occurred, Insurer denied coverage on the grounds that Plaintiff was not insured at the time the claim arose.

¶ 7 Plaintiff sued Insurer for breach of contract and bad faith. Insurer filed an answer and counterclaim to reform the policy to specify that coverage began at 4:40 p.m. on June 6. Both sides filed motions for summary judgment.

¶ 8 The trial court granted Insurer's motion for summary judgment. Plaintiff appeals.[1]

## STANDARD OF REVIEW

¶ 9 Summary judgment is used to reach a final judgment where there is no dispute as to any material fact, *Indiana Nat'l Bank v. State Dep't of Human Servs.*, 1993 OK 101, ¶ 10, 857 P.2d 53, 59, and where one party is entitled to judgment as a matter of law, *Sellers v. Okla. Pub. Co.*, 1984 OK 11, ¶ 23, 687 P.2d 116, 120. We review a grant of summary judgment *de novo*. *Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47.

## ANALYSIS

¶ 10 The dispositive material fact of this case concerns when the accident took place. The undisputed facts show it occurred *after* Plaintiff's previous insurance policy with Insurer had expired, and *before* Plaintiff and Insurer entered into a contract for new coverage.

¶ 11 Plaintiff raises two arguments in opposition to the trial court's decision. First, he asserts that a dispute exists over when the accident took place. Plaintiff has artfully presented his recitation of the facts to make it appear the accident happened after he purchased coverage. If there were a disputed issue of fact regarding the timing of the day's events, we would remand for trial on that issue.

■ ¶ 12 A careful reading of Plaintiff's pleadings and exhibits does not reveal a dispute regarding this material fact. In the face of Insurer's evidence, Plaintiff relied on allegations in his pleadings (which are insufficient to present an issue of fact requiring trial, *Weeks v. Wedgewood Village, Inc.* 1976 OK 72, ¶ 14, 554 P.2d 780, 785), and his affidavit, in which he stated that after dropping off his check, "I received a telephone call from my housemate Marcus Vann advising me that my Montero, which Marcus was driving, had been in an accident at Lake Hefner."

¶ 13 This statement simply does not amount to stating the accident happened after the insurance was purchased. At most, it might lead to the conclusion that Plaintiff learned of the accident after purchasing the insurance. If Plaintiff believed the accident happened after he purchased insurance and had even the slightest evidence tending to support his belief, he had the opportunity to present that evidence.

■ ¶ 14 Plaintiff conceded in his affidavit that he had given false testimony concerning the accident. He recanted his first statement that it happened about 5:00 p.m. In his July 2002 deposition, when asked if he knew what time the accident occurred, Plaintiff testified, "Not really." Parties cannot thwart the purpose of summary judgment rules by creating affidavits that contradict their own depositions. *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir.1985). "[I]t is well established that a party cannot create a genuine issue of fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony." *Richardson v. Bonds*, 860 F.2d 1427, 1433 (7th Cir.1988). Under these rules, we conclude Plaintiff has not shown the facts are in dispute on this point.

■ ¶ 15 Plaintiff's other argument is that Insurer has waived denial of coverage, because regardless of the timing of the events, the policy itself stated coverage began at 12:01 a.m. on June 6, which was hours before the accident. Plaintiff asserts this "pre-dat-

---

1. The trial court's final order granting summary judgment does not specifically address Insurer's counterclaim. However, the order effectively resolved the matters which are at the center of both the appeal and the counterclaim. We therefore conclude the appeal is properly before us.

ed" policy covered him at the time of the accident.

¶ 16 Plaintiff bases his argument on a general rule expressed in Appleman's *Insurance Law and Practice* that states when an insurer dates back a policy to the time of an application and charges a premium for the backdated period, it should bear the risk for losses occurring during that period. 6B J. Appleman, *Insurance Law and Practice* § 4266 (rev. ed.1979). This statement is correct as far as it goes, but it does not express the entire general rule followed by the courts or by the Appleman text. It should further be stated that it is generally the rule that recovery may be had on an insurance policy issued after a loss but antedated to include the time at which the loss occurs where neither the applicant nor the insurer knew of such fact. 43 Am.Jur.2d *Insurance* § 265 (2003).

¶ 17 The general rule is further expressed by a New Jersey court as follows:

> [A]n insurer and insured may agree that a policy may be made retroactive.... In such instances, the parties may provide for a loss which occurred prior to the date of the policy, provided, of course, there is no fraud, concealment or material misrepresentation.

*Affiliated FM Ins. Co. v. Kushner Cos.*, 265 N.J.Super. 454, 627 A.2d 710, 714 (Ct. Law Div.1993).

¶ 18 The phrase "of course" shows the New Jersey court felt it was obvious that one party cannot bind the other party to a contract of insurance through fraud or conceal-ment. The New Jersey court referred to the Appleman text for the principle that an insurer is responsible for events antedating the policy date if the insurer elects to do so and if it accepts consideration, "provided there is not fraud or concealment by the insured." *Id.*

¶ 19 In this case, the undisputed facts do not show that both parties lacked knowledge of the accident at the time Plaintiff applied for the policy; they do establish that Plaintiff knew of the accident before applying and concealed that information from Insurer until the following day. Where one applies for insurance knowing that a loss has already occurred, conceals this fact, and procures a policy to be antedated to cover the period when the loss occurred, the policy is void because of such fraud or concealment, and no recovery can be had. 43 Am.Jur.2d *Insurance* § 265 (2003).

¶ 20 Based on the undisputed facts, the trial court correctly rejected Plaintiff's waiver argument.

## CONCLUSION

¶ 21 For the above reasons, the trial court's decision is AFFIRMED.

REIF, P.J., and GABBARD, J., concur.